## EVANS *versus* WATROUS.

Where there is a clear and substantial cause of action, set forth in a declaration, although it contains irrelevant, or superfluous matter, or duplicity, yet the defendant shall be bound to answer it.

An attorney at law, is only liable for gross negligence; which is a question of fact, to be determined by the jury.

An averment in a declaration, against an attorney for negligence, that he had negligently commenced a suit, and improperly dismissed it, contrary to his duty, &c.—held, to be a sufficient charge of gross negligence, to put the defendant, upon his plea.

This was an action of *assumpsit*, commenced by the plaintiff, in the Circuit Court of Shelby. The declaration charged the defendant with negligence, as an attorney at law—in this, to wit, that before the institution of the said suit, the plaintiff had entrust-

ed to the care and management of the defendant, for collection and suit, a certain note or obligation, drawn by one May, in favor of one Evans, for the sum of two hundred dollars, and by one Hutchison, indorsed to the plaintiff. That suit had been commenced, and judgment obtained on the same, but that the defendant had neglected to have the proper execution issued on thereon, whereby the debt had been entirely lost to the plaintiff. Also, that afterwards, the said defendant, being instructed by the plaintiff to commence an action against the indorser of the said instrument, had so negligently commenced the same, as to be compelled afterwards, to dismiss it, contrary to his duty and undertaking; by which, costs had been recovered against the plaintiff, and his opportunity of recovery, lost, &c.

The defendant, to this declaration, filed a demurrer, which the Court sustained, and judgment was entered up against the plaintiff.

By writ of error, the case was brought into this Court.

Moody, for Plaintiff.—It is contended, that the Court erred in thus sustaining the demurrer, and rendering judgment. The declaration, I conceive to be substantially good. It is intended to contain two counts. These two counts may not be formally set forth, by technical words. Particular words are not necessary for that purpose. It is sufficient if there be two substantial causes of action stated : it will then be regarded as two counts; and if either be good, a general demurrer to the whole declaration, cannot be sustained. In this case, I do not admit that the demurrer was properly sustainable in regard to either count.

As to the first count, it is averred, that the attorney promised to *collect* the money ; he was, therefore,.

bound, in pursuance of his undertaking, to see that the proper writs of execution were issued : this, it is averred, he did not do ; and that, by subsequent insolvency of the defendant, the debt was lost.  The duty of an attorney, when he undertakes to collect, does not cease with the rendition of the judgment. He is required to use all proper diligence to make the collection; and what is proper diligence, is for the Court and jury to determine.

PECK, *contra.*—The declaration clearly contains but one count: it does not profess to contain more ; and this count, I am satisfied, the Court below, correctly determined to be bad.   It is not the business of the attorney to issue out a writ of execution. Here, it is set forth that the suit was properly brought, but that the attorney did not sue out execution in proper time.  The suing out of execution is the duty of the clerk, and not of the attorney.   It is, then, averred, that Watrous promised to bring an action against the indorser, and did so, and afterwards improperly dismissed the same.   This is a distinct charge of negligence in another case, and amounts to such gross duplicity in pleading, as to render the declaration bad. But the dismissal may not have been any neglect. Many cases may be imagined, in which it would be proper to dismiss.

In regard to making the collection of the debt, by suing out execution, it would frequently be very inconvenient for the attorney to attend to it, who may not live in the same county.   The Court is referred to the 4th Rule of this Court, on the subject.

The Court is referred to 1 *Comyn's Digest,* 757, *letter B*—4 *Burrow,* 2061—8 *Johnson's Rep.* 361— *Aikins Digest,* 263.

By Mr. Justice HITCHCOCK:

This was an action brought by Evans *vs.* Watrous, in the Circuit Court of Shelby county, for negligence as an attorney. There was a demurrer to the declaration, which was sustained, and judgment was rendered against Evans, and one Uriah Jordan, as his security for costs.

The declaration states, that the plaintiff below, had placed in the hands of the defendant, a certain writing obligatory, signed by one Benjamin May, dated 23d January, 1826, for two hundred dollars, payable 25th December, 1826, in favor of, and endorsed by one Jesse J. Evans; that it was also endorsed by one Allen L. Mann and by one Isaac Hutchison, who delivered it to the plaintiff; that the said defendant undertook to collect said writing obligatory, as an attorney at law, for a reasonable reward; that he commenced suit, and obtained judgment against the payor of the instrument, at the August term, 1827, of the Circuit Court of Shelby county; but, that "he wholly failed and neglected, at an early period after the rendition of the judgment, to take the proper and necessary means to have the said judgment executed by collecting from said May, the amount of the judgment and costs," &c.; that if he had "used due and proper diligence in suing out and prosecuting at an early period after the rendition of the said judgment, the proper and legal writ of execution, necessary to carry the said judgment into effect; that the amount of the debt and costs would have been collected from the said May, for that he was, at the time solvent;" but, that before the defendant used the necessary means to have the judgment collected, the defendant became wholly insolvent. The declaration further avers, that after the insolvency of May, the plaintiff instructed the defendant, so being his attorney, to prosecute

suit against Jesse J. Evans, the payer and first indorser of the instrument, and that he undertook to do the same, with all the necessary and proper skill and diligence of an attorney ᴉ but, that he " negligently and improvidently, on the 27th October, 1828, issued a writ of *cap. ad respondendum*, from the Circuit Court of Shelby county, against said Evans, on said instrument, and at the Fall term of said Court, he *contrary to his duty and undertaking* as aforesaid, dismissed the said suit, whereby a judgment was rendered against the plaintiff for costs, and that if the said suit had been correctly and skilfully commenced, and faithfully and diligently prosecuted, and had not been dismissed by the defendant; that he, the plaintiff, would have been able, and would have proved all facts and things necessary to have recovered judgment against the said Evans, for the amount of the debt, and that the same could and would have been collected, for that the said Evans was then solvent : but that shortly after, and before a new suit could be made effective against him, the said Evans removed himself and his effects, into the county of Perry, and shortly after, beyond the limits of this State, and the United States, leaving behind him no property from which the money could be made, and so the plaintiff avers, that by the negligence, and unskilful, and improvident management of the said suits, he hath lost his debt," &c.

It is contended, on the part of the plaintiff in error, that this declaration contains substantially two counts; that the charge of negligence, in not collecting the money on the first judgment, is properly stated in one count, and that the charge of negligence, improvidence, and unskilfulness in commencing and dismissing the second suit, is properly a second and distinct count, and that the Court ought so to consider it; but

27

that if the declaration shall be considered as one con-
nected history of the transaction, the matters stated
are sufficient to call upon the defendant for his de-
fence, and that the demurrer ought not to have been
sustained.

By the defendant's counsel, it is contended, that
the declaration contains but one count—that there
are matters set forth, proper for two counts, if for any;
that it is therefore bad, for duplicity; that if the Court
do not sustain the demurrer for this cause, he con-
tends, that the matters set forth, do not amount to
such a charge of negligence or unskilfulness, as will
sustain an action for damages; that, as to the first
suit, it is not the business of an attorney to see that
an execution is issued, that being the duty of the clerk,
under the laws of the State, and that the clerk is lia-
ble in such case; that, as to the second suit, there is
no specific ground of negligence charged; that an at-
torney is only liable for *gross negligence*, which is not
charged in this case.

Without undertaking to decide whether this decla-
ration is to be considered as containing one or two
counts, this Court has held that, under our statute,
which prohibits special demurrers, where there is a
clear and substantial cause of action set forth in a de-
claration, though it may contain irrelevant or super-
flous matter, or though it may contain duplicity, yet,
that the defendant shall be held to answer it.

As it respects the misconduct of an attorney, and
what acts and omissions will make him liable, it may
be remarked, that he is only bound to use reasonable
care and skill, in managing the business of his client.[a]
If he were further liable, no one would venture to act
in that capacity. He is not liable unless he has been
guilty of *crassa negligentia*. This, however, is usu-
ally a question of fact for a jury;[b] and is to be ascer-

[a] Burr. 2060.
3 Camp. 17, 19

[b] 4 Barn. and
Ald. 202—3
2 Barn. & Cres.
70.

tained by the evidence of those who are conversant with the same kind of business."

a 2 Wils. 328.
6 Bing. 460.

In the case under consideration, the defendant is charged with having omitted the proper and necessary means to have the judgment collected, and that if he had used due diligence in suing out and prosecuting a legal writ of execution, the money could have been made. That it is the duty of the clerks to issue the executions immediately after Court, is admitted; and that, in general, it is the duty of the attorney to see that the clerks do their duty, will not be contended; but that there may not be circumstances which would require the care and attention of the attorney, after judgment, and the omission of which might render him liable, is more than the Court is prepared to say.

As to the second suit, the defendant is directly charged with negligently commencing it, and improperly dismissing it, contrary to his duty. This, is certainly a charge, which unexplained, amounts to gross negligence, and is such as requires a defence. The undertaking of a suit, implies a faithful and diligent prosecution of it; and where it appears by the declaration, that there was a good cause of action, the attorney is bound to shew some reasonable excuse for not conducting it to a successful termination. It is, therefore, the opinion of the Court, that, under the circumstances of this case, there is sufficient matter charged in this declaration to put the defendant to his plea; and that a jury, under the evidence, and a proper charge from the Court, as to the general principles upon which the responsibility of attorneys is based, and the practice of the bar, in the conducting of suits, is the proper tribunal to settle the defendant's liability.

The judgment must, therefore, be reversed, and the cause remanded.