## WILLIAMS, USE &C. V. YOUNG.

1. An instrument of writing, made 24th November, 1836, by which the defendant undertakes to make titles to a tract of land at a certain day, and in case he fail to do so, to pay a certain sum of money, is not a sealed instrument, although it concludes with " witness my hand and seal"—unless a scrawl or seal is attached to the signature. The act of 1839, (p. p. 99,) declares that such an instrument shall be taken as sealed, but this act has no retrospective operation.

2. The improper addition of a *super se assumpsit* cannot be reached by a general demurrer where it may be stricken from the declaration, and enough remain to constitute a good cause of action ; but the introduction of a *super se assumpsit* can not have the effect to change the liability of the defendant, or authorise a judgment for a stipulated sum, if it is in reality in the nature of a penalty.

Writ of error to the Circuit Court of Tallapoosa county.

ACTION of assumpsit on a written instrument, described at length in the declaration. By it, the defendant, in consideration of eighty dollars, bargained and sold to the plaintiff a certain tract of land, and further agreed to make him a good title within twelve months ; and in case he should fail to do so, then to pay the said plaintiff one thousand dollars. The attestation clause is in these words: Given under my hand and seal, this 24th day of November, 1836; and the signature of the defendant is attached without any scrawl or seal.

The declaration avers, that at the expiration of the time stated, a deed was tendered to the defendant by the plaintiff, to be executed by the former, which he failed to do. It also avers that the defendant did not make title to the plaintiff according to the contract, or at any other time. The declaration concludes with a *super se assumpsit* for the sum named in the instrument, and lays the breach in the non payment of the money.

The defendant demurred to the declaration; the demurrer was sustained, and the plaintiff refusing to amend. judgment was rendered against him. He now assigns this judgment as error.

HARRIS, for the plaintiff in error, cited act of 1839, P. P. 99,

Matthews v. Zain, 7 Wheat. 164; Dash v. Vanclick, 7 Johns. 477; Bloodgood v. Cammack, 5 S. & P. 276; Golden v. Prince, 3 Wash. C. C. 333; Pearl v. Womack, 3 N. H. 473.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—1. At the time when the instrument of writing, set out in the declaration, was made, it was not entitled to be considered as a sealed writing, because there was no seal, nor its equivalent, a scroll, appended to the signature. Lee v. Adkins, Minor, 187. The declaration in assumpsit is, therefore, the proper one, unless the remedy is changed by the act of 1839. This directs, that all covenants, conveyances, and all contracts in writing, which import on their face to be under seal, shall be taken, and held to be sealed instruments, and shall have the same effect as if the seal of the party or parties were affixed thereto, whether there be a scrawl to the name of the party or parties or not. P. P. 99. It is of very little importance in the aspect on which this case is presented, whether the plaintiff has his remedy by action of assumpsit or covenant; but if more time had elapsed, the construction of the statute of 1839, might materially affect the rights of the defendant; and we apprehend either party can properly insist that it shall receive such a construction as will not affect pre-existing contracts.

If the remedy alone was affected by this enactment, no injury could arise by giving it a retrospective operation; but such does not appear to have been the intention of the legislature; the mischief was, that instruments similar in appearance, produced different legal consequences, by the addition or omission of a very unimportant matter; this was intended to be remedied, and full effect can be given by a prospective operation. If it is retrospective in its operation, then it is evident, that in another condition of time, the defendant's right, under the statute of limitations, would be affected; it is also evident, that by such a construction, the plaintiff's action would be changed from assumpsit to covenant or debt. We are satisfied that the statute has no other than a prospective operation; and, therefore, the action of assumpsit was the proper one on this instrument.

2. There is but little question that the introduction of the

*super se assumpsit* in this declaration, is improper, according to the strict rules of pleading, because, a legal obligation to pay the sum stipulated, did not arise from the promise contained in this contract; we think it is probable that the plaintiff is only entitled to the value of the land, as the proper measure of damages; without, however, undertaking at this time to decide this question, it can be said, that whatever may be the true measure of damages, the improper introduction of the *super se assumpsit*, cannot be reached by a general demurrer, in those cases where it can be stricken from the declaration, and enough remain to constitute a good cause of action. Castles v. McMath, 1 Ala. Rep. N. S. 326; Evans v. Watrous, 2 Porter, 205. But the introduction of a *super se assumpsit*, cannot have the effect to change the liability of the defendant, or authorise a judgment for a stipulated sum, when that, in reality, is in the nature of a penalty.

If the *super se assumpsit* clause is stricken out of this declaration, enough remains to constitute a good cause of action, as it contains the contract, and a sufficient averment of its breach.

Let the judgment be reversed, and the case remanded.