OZAN LUMBER COMPANY *v.* BRYAN.

Opinion delivered April 26, 1909.

1. MASTER AND SERVANT—ASSUMED RISK.—While a servant assumes all risks that are ordinarily incident to the service in which he is engaged, he does not assume the risk of any negligence on the part of the master. (Page 226.)

2. SAME—MASTER'S DUTY TO FURNISH SAFE PLACE.—A master is bound to exercise ordinary care to furnish his servant a safe place in which to work, and to make a reasonable inspection from time to time to see that such place is kept safe; the degree of care being tested by the circumstances surrounding the character of employment and the facts of the particular case. (Page 226.)

3. SAME—CONTRIBUTORY NEGLIGENCE.—The question whether a servant was negligent in failing to discover the defective condition of the platform upon which he was working depends upon whether the defect was known to him or was so obvious that it should have been seen by him. (Page 227.)

4. SAME.—Where the nature of a servant's duties or the exigencies of the occasion are such as to require his whole attention, he is not required to anticipate that the master has neglected to furnish a safe place in which to work. (Page 228.)

5. SAME—INSTRUCTIONS.—In an action by a servant to recover on account of the master's failure to furnish him a safe place to work in, the court's refusal to instruct that the law presumes that the master did his duty was not prejudicial where the jury were instructed that the burden was on the plaintiff to show that the defendant was negligent in that respect. (Page 228.)

6. DAMAGES—EXCESSIVENESS.—Where the evidence tended to prove that defendant's negligence caused the veins of plaintiff's leg to become inflamed, that he suffered great pain for a year, and was confined to his bed for three weeks, that his malady is incurable, and that he will continue to suffer, that his health and his ability to earn a livelihood are permanently impaired, and that before his injuries he earned $1.35 per day, a verdict in his favor for $1,000 was not excessive. (Page 229.)

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*McRae & Tompkins,* for appellant.

1. Appellee assumed the risk. This is no case of youthful inexperience, but of a mature man engaged in a work which required no experience nor instruction, who had the fullest opportunity to observe, by the exercise of his senses, the runways upon which he worked. An employee is bound to take notice of obvious defects. 82 Ark. 11; 60 Ark. 438; 65 Ark. 98'; 77 Ark. 367.; 60 L. R. A. 589; 10 L. R. A. 513. He was guilty of contributory negligence as shown by the evidence.

2. It was error to refuse the second instruction requested by appellant. The master is not an insurer of the servant's safety, nor a guarantor that the tools and instrumentalities furnished him may not prove defective. Moreover, the master is presumed to have performed his duty by furnishing safe and suitable appliances for the performance of his work. When this presumption is overcome by positive evidence, the further presumption arises that the master had no notice of the defect and was not negligently ignorant of it. 35 Ark. 602; 44 Ark. 529.

*H. B. McKenzie* and *William H. Arnold,* for appellee.

1. It was not appellee's duty to inspect the premises to make discovery of latent defects in the platform. That duty rested on the master as also the duty to inspect the premises and keep them in reasonably safe condition. 82 Ark. 502; 114 S. W. (Ark.) 223; 83 Ark. 318; 82 Ark. 37; 67 Ark. 295; 51 Ark. 467; 54 Ark. 289; 111 S. W. 257; 162 Fed. 750; 112 S. W. (Ark.) 390. For distinction between assumption of risk and contributory negligence, see 114 S. W. (Ark.) 722; 77 Ark. 367. In determining whether the servant assumed the risk, the test is not whether he exercised ordinary care to discover defects, but whether they were known to him or were so patent as to be ordinarily observable by him. 160 Fed. 160. See also 196 U. S. 51; 211 U. S. 459. The rule that the servant assumes all the ordinary risks of the service presupposes that the master will perform all duties resting upon him for the servant's protection. 160 Fed. 826. And, unless the danger is so patent as to be ordinarily observable by the servant, the court ought not to instruct the jury as a matter of law to

return a verdict for the defendant. 112 S. W. 740; 76 Ark. 520; 56 Ark. 210.

2. The second instruction requested was properly refused, being fully covered by other instructions given. 114 S. W. (Ark.) 208.

FRAUENTHAL, J.   This is a suit for damages, on account of personal injuries, instituted by the plaintiff, Joseph A. Bryan, against the defendant, Ozan Lumber Company.

About the 16th day of July, 1907, the defendant employed the plaintiff as a lumber stacker on its yard in the town of Prescott, Arkansas.   The defendant owns and operates a large saw mill and planer at this place.   From its saw mill to its planer and dry kilns it has constructed platforms or runways upon which lumber is transported upon trucks or lumber buggies from point to point within its plant.   These platforms are from eight to ten feet high and eighteen feet wide, and are from 100 to 200 yards in length; they are built on timbers and floored with plank.   As the lumber is manufactured, it is stacked along the sides of these platforms from the ground up.

On July 31, 1907, a foreman of defendant directed the plaintiff to go upon one of these runways or platforms for the purpose of counting the lumber stacked upon each side.   After he had counted the lumber in a stack, the plaintiff, for the purpose of passing on to another stack, made a step or two backward, and his foot broke through the platform, from which he sustained an injury on his leg between the ankle and knee.   He continued to work for several days, although his legs gave him pain, and then quit the work on account of the injured leg; and, the pain still continuing, in about two weeks he consulted doctors who pronounced that plaintiff had inflammation of the veins in the front part of his leg, in medical nomencalature called *phlebitis,* and that in their opinion this was caused by said injury.

In substance, these are the allegations of the complaint in which plaintiff asks for damages.   The defendant denied every material allegation of the complaint, and pleaded contributory negligence and the assumption of risk on the part of the palintiff.

Upon a trial of the case, a verdict for $1,000 was returned in favor of plaintiff, from which defendant prosecutes this appeal.

It is urged by the defendant that the undisputed facts of

this case show that the injury that the plaintiff received was due only to one of the risks which are ordinarily incident to the service, and which therefore he assumed; and that the facts also show that the injury was due to his own negligence. The defendant therefore asked in the lower court, and now insists that he was entitled to, a peremptory instruction in his favor.

The evidence tended to prove the allegations set out in the complaint and referred to above. It also tended to prove that the plank of the platform, through which plaintiff broke and was partly precipitated, was decayed and rotten, and was on this occasion covered with bark, so that the defect and danger was not obvious and patent to the plaintiff. While the plaintiff had been in the service for about two weeks, this was the first time that he had been down or on this runway or part of the platform. The foreman of defendant had noticed that there were holes and defects in the platform at this place some short time before, and by proper inspection by defendant its unsafe condition could have been discovered; and the defendant had not repaired the platform or placed it in safe condition.

While it is true that the plaintiff assumed all the risks that were ordinarily incident to this service in which he was engaged, yet he did not assume the risk of any negligence on the part of the defendant. In the absence of knowledge on his part, the plaintiff had the right to presume that the defendant had performed the duties that devolved on it. One of the duties imposed upon the defendant by the law was to exercise ordinary care to provide a reasonably safe platform for the plaintiff to work on. A master is bound to exercise ordinary care in furnishing a safe place to his servant to work on, whether it is of a simple character or whether it is dangerously situated. 1 Labatt on Master and Servant, § § 7-14.

Now, this duty on the part of the master is continous; it is not sufficient that the place is safe today, if it may be unsafe on some future day; it is necessary for the master to exercise ordinary care to see that the place is safe on all days. It therefore follows that this duty cannot be adequately performed unless the instrumentality of place to work in is subjected to reasonable examination for the purpose of discovering defects that are not patent and obvious. As is said by this court in the case of *St.*

*Louis, Iron Mountain & Southern Railway Co.* v. *Holmes,* 88 Ark. 181, "it is the duty of the master to exercise ordinary care to provide his servants with a reasonably safe place in which to work and reasonably safe appliances with which to work. This duty also includes one of making reasonable inspection to see that the place and appliances are safe." 1 Labatt on Master & Servant, § 7; 26 Cyc. 1182, 1177; *St. Louis, I. M. & S. Ry. Co.* v. *Rice,* 51 Ark. 467; *St. Louis, I. M. & S. Ry. Co.* v. *Brown,* 67 Ark. 295; *Choctaw, O. & G. Rd. Co.* v. *Jones,* 77 Ark. 367.

It is the duty of the master to exercise ordinary care in discovering defects and in repairing them; and he is liable if he fails to exercise that care tested by the circumstances surrounding the character of the employment and the facts of the case. *Bryant Lumber Co.* v. *Stastney,* 87 Ark. 321; *Ultima Thule, Ark. & Miss. Ry. Co.* v. *Calhoun,* 83 Ark. 318.

In this case the proximate cause of the injury was the rotten plank in the platform. This was the place in which the plaintiff was directed by the proper official of defendant to do his work. There was evidence tending to prove that no reasonable examination was made by defendant of this unsafe place; and if it had been the defect would have been discovered and could have been repaired. The evidence tended further to show that the foreman of defendant knew of this defective platform. So that the defendant failed in its duty to the plaintiff to furnish him a reasonably safe place in which to work, and under the evidence in this case was negligent in its failure to perform this duty.

And still this did not absolve the plaintiff from exercising reasonable care; so that, if he was guilty of any negligence which contributed to his injury, he cannot recover. The question, then, is, did the plaintiff, under the circumstances, exercise such care as an ordinarily prudent person would have exercised under the same or similar circumstances? Now, ordinarily the servant is not charged with the duty of inspection in order to discover defects or dangers that are latent. The question, so far as his rights and duties are concerned, is not so much as to whether he exercised care to discover defects, but rather as to whether the defects and danger were known to him or were so obvious or patent that they were or should have been seen by him. 26 Cyc. 1231; *Mt. Nebo Anthracite Coal Co.* v. *Williamson,* 73 Ark. 530; *Texas &*

*Pacific Ry. Co.* v. *Swearingen,* 196 U. S. 51; *Missouri, Kansas & T. Ry. Co.* v. *Wilhoit,* 160 Fed. 440; 26 Cyc. 1251-1252.

It is urged that the plaintiff was guilty of contributory negligence in not observing this hole or defect in the platform, which it is claimed was patent and obvious. But, as is said in 26 Cyc. 1255, "in order to charge a servant with contributory negligence for failure to observe or remedy defects, it must appear that he had, and neglected to avail himself of, an opportunity to discover them; and where the nature of a servant's duties or the exigencies of the occasion are such as to require his whole attention, he is not required to anticipate, look for, or expect danger, especially where it arises from the discharge of a duty outside of his usual routine."

In this case the defect consisted of a rotten plank, which was partially covered with bark and particles from the lumber, so that the defect or any hole in the plank was to a great extent obscured. The plaintiff had gone to this place for the first time, and was at the time busily engaged in his work, and, as he stepped slightly backward in passing to another stack in the due course of his work, he stepped on the defective plank, which gave way under the pressure, and thus injured plaintiff's leg. We cannot say under this evidence that this defect in the plank and the danger was so patent or obvious, or that the plaintiff was guilty of such contributory negligence in not discovering same, as to preclude him from a recovery herein, as a matter of law. Under these principles of law, we cannot say that there is not sufficient evidence in this case to entitle the plaintiff to a recovery of damages against the defendant.

The defendant contends that the court committed an error in refusing to give instruction number 2 asked for by it. In substance, it says that the master is not the insurer of the safety of the servant; that the law presumes that the master did his duty and did not know of the defects; and that the plaintiff must show that the cause of the injury was the defective runway, and that the defendant knew or by the exercise of ordinary care could have known that the runway was defective. But the court gave the following instructions to the jury, and we are of opinion that they substantially covered every principle of law applicable to this view of the case and to which the defendant was entitled:

"4. The burden of proof is upon the plaintiff in this case to show that the runway upon which plaintiff worked was defective, that this defect was the direct and proximate cause of the plaintiff's injury, and that the defendant knew of this defect or by the exercise of ordinary care could have known of its existence; unless the plaintiff has made this proof by a preponderance of the evidence, you will find for the defendant.

"5. In this case there is no presumption of negligence against the defendant, but on the contrary plaintiff must prove by a greater weight or preponderance of the evidence: 1st, plaintiff must show an injury, 2d, he must show that it was on account of negligence or want of ordinary care on the part of defendant."

Presumptions are matters relating to evidence. Now, when the court instructed the jury that the burden of proof was upon the plaintiff to show that the runway upon which plaintiff worked was defective, it in effect told them that the law presumes that the defendant did its duty in furnishing a runway that was not defective. And so when the court instructed the jury that the burden of proof was on the plaintiff to show that the defendant knew of this defect or that by the exercise of ordinary care it could have known of its existence, it in effect told them that the law presumed that the defendant had no notice of the defect. So that there could not have been any prejudicial error in refusing to give this instruction number 2.

There were a number of instructions given on the part of the plaintiff and the defendant. These instructions fully and fairly presented the law of this case to the jury.

It is urged by the defendant that the verdict of the jury is excessive. The evidence tends to prove that by the injury the veins of the leg became inflamed, and the vessels that carry the dark blood back to the heart are involved, that the plaintiff is afflicted with phlebitis, and that it was caused by the injury. The plaintiff had suffered great pain for about one year, and for about three weeks he was confined to his bed. When he is on his feet or does heavy work, he will continue to suffer pain. In the opinion of one of the physicians his condition is incurable, and he will continue to suffer from his leg. He is 54 years old, and was an able-bodied man before the injury, and was earning readily $1.35 per day. Since the injury, in addition to the pain

and suffering, his entire health has been impaired; and his ability
to earn a livelihood impaired, in all probability for life. Under
these circumstances we cannot say that the verdict is excessive.

The judgment is therefore affirmed.