CLARK COUNTY LUMBER COMPANY *v.* HANNON.

Opinion delivered May 29, 1916.

MASTER AND SERVANT—INJURY TO SERVANT—SAFE PLACE TO WORK—TRESTLE.—Defendant's servant was instructed to do a piece of work requiring him to cross a certain trestle. *Held*, the master was liable for an injury to the servant, where one of the ties in the trestle was not nailed down, and tilting when plaintiff stepped thereon, threw and injured him.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*T. D. Wynne,* for appellant.

The evidence does not support the verdict. There was no breach of duty on the part of appellant. 29 N. E. 825; 106 Ark. 436; 76 *Id.* 69; 88 *Id.* 292.

*McMillan & McMillan,* for appellee.

The appellant was liable for failure to use ordinary care in furnishing a reasonably safe place on which to work. 117 Ark. 204; 90 *Id.* 226; 105 *Id.* 401. The trestle was the place furnished by appellant on which appellee was required to work. It was unsafe and the injury occurred. 99 Ark. 108; 90 *Id.* 223; 88 *Id.* 181; 105 *Id.* 392; 103 *Id.* 434; 99 *Id.* 265; 117 *Id.* 198. The question of negligence was properly submitted to the jury. The evidence is ample to sustain the verdict under the above cases.

SMITH, J.    This appeal questions only the sufficiency of the evidence to support the judgment from which it is prosecuted. There is a sharp conflict in the evidence in several material particulars, but in testing the legal sufficiency of the evidence we assume the jury credited the evidence offered in appellee's behalf. The facts, may, therefore, be stated as follows: Appellee was a member of a section crew, and, as such, was engaged in repairing a part of appellant's railroad track, when his foreman directed him to go across a trestle in said track to a point where some spikes had been left and to bring a

shovelful of these spikes. Appellee placed about 25 pounds of spikes in his shovel and put the shovel on his shoulder and started to return. The ties in the trestle were unevenly laid, were not parallel, were not equidistant, and this condition was apparent to appellee, and he was required to and did, exercise care in making his steps. He says his injury was occasioned by the following defect in this trestle: That one of the ties was from a quarter to a half-inch thinner than the other ties, and the iron rail did not rest upon it, and no spikes were driven into it to hold it in place and when he stepped on this tie it tilted slightly and threw him between two other ties and inflicted the injury, to compensate which, this suit was brought. That he did not anticipate this condition and had not expected the tie to slip and turn under his foot, and was, therefore, thrown more easily than would otherwise have been the case. Appellee went across the bridge in obedience to the command of the foreman, who testified that he had shortly before crossed the trestle and that he had stepped on every tie as he went across to see if they would rock or roll, and that none of the ties did so, and that after appellee's injury he inspected all the ties carefully and found they were properly spiked. But this is one of the respects in which the evidence is conflicting, and appellee testified positively that the tie was thin and was not held in place by a spike either on the inside or the outside of the rail.

The evidence does not present a clear case of liability even when viewed from appellee's standpoint. Yet we cannot say that it is not legally sufficient to support the verdict. By the foreman's command the trestle had been made the place for appellee to work in, although it was not primarily intended as a foot path. The evidence showed that it was customary for ties to be placed parallel with each other and equidistant and to be of uniform size and they were to support the rails by having spikes driven in them both on the inside and the outside of the rails, and that there was an absence of all these

conditions in the tie which turned and caused appellee to fall. When called upon to perform in part his duties on this trestle, appellee had the right to assume that there was nothing about the trestle which rendered it less safe than it appeared to be, but that ordinary care had been exercised in making it as reasonably safe as such places usually are. *Ozan Lumber Co. v. Bryan,* 90 Ark. 223; *Oak Leaf Mill Co.* v. *Littleton,* 105 Ark. 392.

A somewhat similar question was involved in the recent case of *St. L., I. M. & S. Ry. Co.* v. *Duckworth,* 119 Ark. 246, 177 S. W. 1148. There it was contended by the railroad company that its employee Duckworth, who was injured as he walked along a beaten path on the railroad right of way, by being entangled in a wire attached to a passing train, was a mere licensee and that the railroad company was, therefore, under no duty to make the path a safe place in which Duckworth might walk. It was shown, however, that Duckworth and other employees had used this path in going to and returning from their work with the knowledge of the railroad officials for a period of five years and that, therefore, it could not be said that Duckworth was on the path solely for his own convenience, but that he was there upon an implied invitation of the company. It was there held that the negligence of the railroad company in regard to the wire was the proximate cause of the injury, as the probability of this injury should have been foreseen under the circumstances. Here appellee was acting under the immediate orders of his foreman and had the right to assume that the place in which he was required to perform his duties contained no defects which made the place unsafe, yet under the circumstances the tie made the place unsafe and was the proximate cause of appellee's injury. Finding no error the judgment is affirmed.