WARD FURNITURE MANUFACTURING COMPANY *v.* MOUNCE.

Opinion delivered October 13, 1930.

*C. W. Knott,* for appellant.

*Cravens & Cravens* and *E. D. Chastain,* for appellee.

HUMPHREYS, J. Appellee recovered a judgment against appellant in the circuit court of Sebastian County, Fort Smith District, for $500 on account of an injury to the index finger of his right hand alleged to have resulted from appellant's failure to warn him of the dangers and hazards incident to the operation of a machine known as an "air router" which he was operating, from which judgment an appeal has been duly prosecuted to this court.

Appellant relies for a reversal of the judgment upon the sole alleged ground that the undisputed testimony showed that the injury resulted from an accident, not from any negligence on the part of appellant.

The following facts and disputes in the testimony necessary to a determination of the question presented on appeal, as reflected by the record, are as follows:

Appellee, a nineteen-year-old boy of ordinary intelligence and without experience in the use of machinery, was employed by appellant to operate the "air router" or the machine used in the production of certain parts for the manufacture of furniture. The method of operating the machine was to put small blocks to be so used on a table under sharp tools or bits making six thousand revolutions a minute and to press the tools down by means of a foot pedal onto the block for the purpose of making certain indentures in them and, after making the indentures, to release the pedal and allow the bit or tool to

raise up and release the block. The indentures in each block were quickly and rapidly made, and as fast as completed were put or pushed aside and another block placed under the bit by the operator. The indentures could be made on about four blocks per minute. Appellee had operated the machine for about two weeks prior to his injury. The machine was in charge of Jo Friga, who set it up and aligned it every morning before appellee began to operate it. Appellee's principal work the two weeks he operated the machine was to cut a little groove in dresser drawer fronts with a bit from one-fourth to one-half inches in diameter, and to make or shape the work. On the morning the injury occurred Jo Friga set up the machine and inserted therein a larger bit than had been used in making grooves for the purpose of cutting a "rozette" about two and one-half inches in diameter on blocks about three inches wide. He ran ten or more blocks through the machine to see that it was in proper alignment, and then turned it over to appellee.

Jo Friga testified that one purpose of running the blocks through the machine was to show appellee how to do the work.

Appellee entered upon his duties and continued to operate the machine about thirty-five minutes before being injured. During that time he had run about one hundred and fifty blocks through the machine.

Appellee testified that at that juncture his index finger was struck by the rapidly revolving bit and injured. He was unable to tell just how his finger came in contact with the bit. The following interrogatory and answer thereto is indicative of his knowledge as to how the injury occurred:

"Q. Can you explain how the injury occurred? A. That is a mighty hard proposition; it runs close to six thousand revolutions per minute. It was done in just what time it would take the machine to turn a fraction of a revolution."

Appellee further testified that he was employed by H. B. Williams, appellant's mill foreman, by whom he was taken to the machine and turned over to Jo Friga, who had the machine in charge; that Jo Friga set up the machine and put him to work on it, and each morning thereafter did so until he was injured; that neither H. B. Williams nor Jo Friga instructed him how to use the machine or of the dangers or hazards incident to operating same; that what knowledge he acquired relative to the operation of the machine was through observation when Jo Friga set the machine up and ran a few blocks through it; that he knew the bit would cut his fingers or hand if he allowed them to come in contact with it and tried to keep them away from it; that when the bit was not down on the block there were about four inches between it and the block, but at the time of the injury he was not trying to, and did not, pass his hand between the block and bit.

H. B. Williams and Jo Friga testified that when they put appellee to work on the machine they explained the manner of operating same to him and cautioned him against putting his fingers or hands against or under the bit, telling him that, if he did so, the bit would cut them off, and Jo Friga further stated that when he set the machine up for use by appellee on the morning of his injury he again cautioned him not to put his hand or fingers against or under the bit, fully explaining the hazard or risk in doing so.

On rebuttal appellee stoutly denied their testimony in every detail, stating that the only information received by him relative to operating the machine was in observing Jo Friga running blocks through it after setting same up for use, and that they never informed him of any dangers or hazards incident to operating same.

It will be observed from the record thus detailed that the question whether appellee was sufficiently instructed in the use of the machine and relative to the hazards and dangers incident to the operation of same was a

hotly disputed question of fact. This question of fact was submitted to the jury for determination under correct declarations of law. The rule of law relative to the affirmative duty of an employer to warn and instruct an employee in cases of this kind is correctly expressed in § 77 on pp. 565, 566 and 567 in 18 R. C. L. under the title of Master and Servant, and is as follows: ''If a person employ another to do work of a dangerous character or in a dangerous place, and the employee, because of youth, ignorance or inexperience, fails to appreciate the danger, it is a breach of duty and negligence on the part of the employer to expose him thereto, even with his consent, unless the employer first give him such instruction, caution and warning as will enable him to comprehend the danger and to do his work safely with the exercise of proper care on his part. * * * Whether the employer has discharged the duty of warning and instruction in any particular case is a question peculiarly within the province of the jury. Of course, in order that the master may be held liable on the ground of having failed to instruct a young or inexperienced servant, the failure to instruct must have been the proximate cause of the injuries sustained by the servant.''

It is undisputed that appellee was young and inexperienced in the use of the machine he was operating. In view of the rapid revolution of the bit, the close proximity of the hand or fingers to the bit in the operation of the machine and the rapidity of putting the blocks under the bit, the dangers and hazards incident to operating same were great. It is the character of machine that calls for instruction and warning from an employer who employs inexperienced youth to operate same. The jury has found that neither H. B. Williams nor Jo Friga instructed and warned appellee in the use of the machine or of the dangers and hazards incident to operating it. The negligence of appellant under the rule of law quoted above was in exposing appellee to this danger without properly warning and instructing him.

Appellant argues, however, that the evidence does not reflect that the failure to instruct or warn appellee was the proximate cause of the injury. Appellee testified that he knew the bit would cut his hand if it came in contact therewith, and that he tried to keep his hand away from it. There was no defect or break in the machinery that caused the injury. Appellee did not purposely put his finger under or against the bit. The only thing that could have caused the injury was his failure to exercise the degree of care to avoid the injury commensurate with the dangers incident to the operation of the machine. The purpose of instruction, caution and warning on the part of the employer is to enable the employee to comprehend the danger incident to the work, and to impress upon him the necessity for being careful in the performance of his duties. The jury was warranted in indulging the inference from the evidence in the case that appellee did not appreciate the great dangers and hazards incident to the operation of the machine on account of appellant failing to instruct, caution and warn him, and that, had it done so, the injury would not have occurred. There is substantial, direct and positive evidence in the record to support the finding of the jury that appellant was guilty of negligence in exposing appellee to the dangers incident to the operation of the machine without sufficiently instructing, cautioning and warning him; and sufficient inferable evidence to support the finding of the jury that the injury was the direct result of appellant's negligence in failing to instruct and warn him.

Appellant also contends that under the evidence appellee assumed the risk. We do not think so, for under the findings of the jury appellee did not know of and appreciate the dangers and hazards incident to operating the machine. Of course he could not assume risks which he did not know of and appreciate.

No error appearing, the judgment is affirmed.