COCKERHAM *v.* BARNES.

5-1784                                           321 S. W. 2d 385

Opinion delivered March 9, 1959.

*Harrison & Harrison,* by *Todd Harrison,* for appellant.

*Bruce Ivy* and *James E. Hyatt, Jr.,* for appellee.

GEORGE ROSE SMITH, J. This is a personal injury suit in which the appellee recovered $26,750 as compensatory damages for the loss of his left leg. The appellant contends that he was entitled to a directed verdict and, alternatively, that the court erred in refusing certain requested instructions.

Until the accident in question the plaintiff Barnes, a young man of twenty-three, had worked as a farm laborer on Cockerham's farm ever since he was old enough to work. In July of 1955 Cockerham had his employees install a hydraulic irrigation system upon a forty-acre tract. The system consists of a main pipeline that lies on the ground along one side of the tract and four laterals of five-inch pipe that lie parallel and extend across the field. Each lateral is equipped with sprinklers and is closed at its far end by a heavy metal plug that caps the end of the pipe. Water is drawn from a storage ditch and is forced into the system by a motor-driven pump.

The main line and three laterals were installed the first day, and the next morning the fourth lateral was put in. Late that afternoon Cockerham directed Barnes to flush out the fourth lateral with the help of Cockerham's son Sonny, who was of college age. The plan, as outlined by Cockerham senior, contemplated that Sonny would close the shut-off valve through which the water passes from the main line into the lateral. Barnes was to walk across the field to the end of the lateral, remove the plug, and wave his hat as a signal for Sonny to open the valve so that the pipe would be flushed. The plan miscarried, for when Barnes reached the end of the lateral and started to remove the plug it blew off explosively and struck Barnes' leg with such force that the leg was almost severed and later had to be amputated. Sonny did not testify, as the defendant offered no evidence; but the jury doubtless believed that Sonny failed to close the valve or opened it too soon.

The appellant insists that the plaintiff's injury was due solely to the negligence of a fellow servant, Sonny Cockerham, for which the employer is not reasponsible at common law. It is settled, however, that the fellow servant rule does not relieve the master from liability if his own negligence is a contributing cause of the injury. Shearman & Redfield on Negligence (Rev. Ed.), § 196. We think there was substantial evidence of negligence in addition to that of young Cockerham.

An employer is under a duty to warn his employee about perils that the latter might, through ignorance or inexperience, fail to comprehend. *Ward Furn. Mfg. Co.* v. *Mounce,* 182 Ark. 380, 31 S. W. 2d 531. Barnes, a farm laborer, testified that he had had no experience with irrigation systems and that he knew nothing about high pressure or its dangers. Even though Barnes had helped to install this system the jury was not compelled to conclude that he should have realized that to stand in front of the plugged lateral was somewhat like standing before a loaded cannon. Had Barnes been cautioned he might have protected himself by keeping to the side as he removed the plug. There was also evi-

dence that Sonny Cockerham was nearsighted, which his father knew, and may not have been able to see Barnes' signal at a distance of a quarter of a mile. It was for the jury to say whether the defendant was guilty of negligence that was a proximate cause of the injury.

In submitting the issue of comparative negligence the court refused to include an interrogatory pertaining to the percentage of negligence attributable to Sonny Cockerham. The appellant contends that this fact should have been determined by the jury, so that his liability could be proportionately reduced by the application of the fellow servant doctrine. We need not speculate whether this argument would be sound if Sonny Cockerham were a party to the case, for he is not a party. When the concurring negligence of two persons contributes to cause an injury both are liable, *Willbanks* v. *Laster,* 211 Ark. 88, 199 S. W. 2d 602, and we are unable to see why an exception to the rule should be created when one of the wrongdoers happens to be a fellow servant of the plaintiff. The master's freedom from liability under the fellow servant rule is not a sound basis for a distinction, since in most cases of concurrent negligence neither of the persons at fault is liable for the other's conduct.

Complaint is also made of the court's refusal to give two requested instructions, to the general effect that the master is presumed to have performed his duty toward his servant, that the master is not an insurer of his employee's safety, and that the burden of proving a negligent act is upon the plaintiff. These familiar rules of law have often appeared in our cases, but it does not follow that the trial court commits reversible error by failing to incorporate these particular statements in his charge to the jury. Here the substance of the rules in question was adequately conveyed to the jury by the instructions with reference to the plaintiff's burden of proof. For example, the presumption that the master has performed his duty toward his servant is not a true presumption in the sense that one fact is being inferred from proof of another fact; it is simply another way of

saying that the plaintiff has the burden of proving negligence. Hence the refusal of such an instruction is not prejudicial if the matter has been covered by an explanation that the burden of proof is on the plaintiff. *Ozan Lbr. Co.* v. *Bryan,* 90 Ark. 223, 119 S. W 73. For the same reason there was no need for the court to include in its charge the other general rules that were offered by the defendant.

Affirmed.