CITY OF PRESCOTT *v.* WILLIAMSON.

Opinion delivered June 23, 1913.

APPEAL AND ERROR—EXCLUSION OF EVIDENCE—PREJUDICE.—It will not be said to be prejudicial error where a trial court sustained objections to certain questions, when the appellant did not state what he ex-

pected to prove by the witness, and where the record nowhere discloses what the answers of the witnesses would have been.

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge; affirmed.

### STATEMENT BY THE COURT.

The city of Prescott brought this suit to extend Greenlawn Street and condemn a right-of-way therefor through and across two lots belonging to appellee.

The testimony tends to show that the two lots were of the value of from five to eight hundred dollars, and were 100 feet wide by 240 feet long, and that the extension of the street through them required a strip of land 60 feet wide by 480 feet long, leaving a strip eight feet wide on the south side of the street, and thirty-two feet wide on the north side of the street, the length of both lots. Some of the witnesses stated that the damages to the lots would be the value thereof as the fractions remaining would be practically worthless, while others stated that the land remaining would be from two to three hundred dollars in value, and one witness testified that the value of the lots was about a thousand dollars, and that the land not taken in opening the street would be worth three or four hundred dollars. Appellees introduced only one witness who testified that the market value of the two lots was six to six hundred and fifty dollars, and that if the street was extended through as contemplated, that the remainder of the lots not taken would be practically worthless. The jury returned a verdict assessing the damages at five hundred dollars, and from a judgment thereon, the city brings this appeal.

*H. B. McKenzie,* for appellant.

The evidence sought to be brought out by the questions to the witness, Greeson, was competent, as tending to show the effect of an improvement on the value of the land, and was admissible. 71 Ark. 38; 11 Ballard on Real Prop., § 167; 64 Ark. 555, 559.

*J. O. A. Bush,* for appellees.

The question propounded to Greeson and others,

for the exclusion of which complaint is now made, was not proper, because (1) it was not in proper form; (2) if it was intended as a "hypothetical" question, it should have stated the facts upon which the conclusion is to be drawn, and, (3) there is nothing in the question itself nor in any part of the record, to show what the answer would be or what point the appellant expected to prove. 101 Ark. 442; 58 Ark. 353; 73 Ark. 409-10.

KIRBY, J., (after stating the facts). It is contended for reversal that the court erred in refusing to permit W. W. Greeson and other witnesses to answer whether they knew that appellees owned the two others lots north of and adjoining the two through which the right-of-way was sought to be condemned, in refusing to allow witnesses to answer the question as to what would be the damage to the lots, or the land taken for the street, considering that the strips remaining would adjoin several other lots, the property of appellees, and in refusing to allow them to answer the following question: "If the defendants would be benefited in view of their ownership of adjoining property for any other reason in a special way in which the public generally would not share by reason of the opening of the street as asked by the plaintiff, then, taking this benefit into consideration, what do you consider the difference in the market value after the street is opened, if any?" It is not shown what the answers of any of the witnesses to any of these questions would have been. The appellant nowhere stated what it expected to prove by either of them. Conceding without deciding that the questions were proper, and that the answers thereto would have been competent testimony, we are not able to say that any prejudicial error was committed in refusing to allow the witnesses to answer them since the record does not disclose what their answers would have been. *Jones* v. *State,* 101 Ark. 442; *Meisenheimer* v. *State,* 73 Ark. 409; *Vaughan* v. *State,* 58 Ark. 353.

No exception was made to the instruction of the court, and it is not claimed that the verdict assessing

damages is excessive. The testimony is amply sufficient to sustain the verdict, and the judgment is affirmed.