LaGrand v. Arkansas Oak Flooring Company.

Opinion delivered November 20, 1922.

1. JURY—CHALLENGE FOR CAUSE—DISCRETION OF COURT.—Where a juror on the list furnished to make up the jury was an officer in the same company with one of defendant's officers, but he had no interest in defendant company, it was within the court's discretion to refuse to allow a peremptory challenge.

2. EVIDENCE—PHOTOGRAPHS.—In an action for injuries in being struck by a belt, photographs, identified as being correct representations of the premises where plaintiff was injured, were admissible as evidence to aid the court or jury to understand the evidence, the witnesses to explain their testimony.

3. APPEAL AND ERROR—INVITED ERROR.—In an action for personal injuries, resulting in the loss of plaintiff's eye, he cannot object on appeal because the trial court admitted evidence of a medical expert's opinion that the wound to plaintiff's eye was such as could have been made by plaintiff stooping down and striking his eye against some object, where plaintiff had previously elicited similar evidence from another witness.

4. TRIAL—ABSTRACT INSTRUCTIONS.—It was not error, in a personal injury action, to refuse instructions on the issue of contributory negligence where there was no testimony tending to prove contributory negligence.

5. NEGLIGENCE—PROXIMATE CAUSE.—One is not liable in damages for an injury that was not the direct result of his negligence.

6. MASTER AND SERVANT—PRESUMPTION FROM HAPPENING OF INJURY.—In an action for injuries to an employee struck by a belt when it parted, the master's negligence will not be presumed from the fact alone that the belt parted and that plaintiff was injured thereby.

7. MASTER AND SERVANT—DUTY TO FURNISH SAFE PLACE AND TOOLS.—A master is only required to exercise ordinary care to furnish his employee a safe place in which to work and safe tools to work with, and if, while exercising such care, he could not reasonably have anticipated that the injury could occur as it did, he is not negligent in failing to provide means to prevent it.

8. MASTER AND SERVANT—ACCIDENTAL INJURY.—Where an employee's injuries were the result of a pure accident, and not of the negligence of any one, he could not recover.

Appeal from Jefferson Circuit Court; *W. B. Sorrels*, Judge; affirmed.

*Rowell & Alexander,* for appellant.

It was an abuse of discretion on the part of the court in refusing to hold juror Hightower incompetent, because of business relationship with an officer of the appellee.

It was improper to admit the unauthenticated photographs.

The question propounded to Dr. Breathwit, an expert, as to the manner in which the injury might have occurred, was prejudicial. The opinion of an expert is not admissible to prove a matter of common experience and knowledge. 55 Ark. 593; 94 U. S. 469; 56 Ark. 617; 62 Ark. 70; 121 Ark. 626; 108 Ark. 387; 4 L. R. A. (N. S.) 460; 16 L. R. A. 437; 66 Am. Dec. 219, and notes

Instruction 18 requested by appellant on the question of comparative negligence declared the law as set forth in sec. 7145 of C. & M. Digest, and by analogy with the case at 135 Ark. 480, the instruction should have been given.

Instruction No. 8, given, was error. 18 Fed. 304; 15 Minn. 519; 67 Wis. 24.

Instruction 10 was misleading, and not supported by the evidence. The servant did not assume the risk unless he appreciated the danger. 105 Ark. 337; 105 Ark. 392. He does not assume risk from latent defects. 79 Ark. 20.

*Coleman & Gantt,* for appellee.

Juror Hightower was qualified. See 121 Ark. 202. The objection to him was not made in time. 13 Ark. 295.

The photographs were shown to be correct, and were competent. 80 Ark. 528.

The evidence of Dr. Breathwit was only a repetition of testimony elicited before from Dr. Crump, a witness for appellant, whose testimony was unchallenged, and was therefore not prejudicial. 56 Ark. 37.

Instructions 16, 17, and 18, on the question of contributory negligence, were properly refused, because not

pertinent to any issue in the case.     2 Ark. 133;  89 Ark. 24.

Instruction 7 was correct.  95 Ark. 597 and 87 Ark. 576.

Instruction 8 was correct.  79 Ark. 76.

Instruction 9 was correct.  70 N. Y. 90; 35 Ark. 602; 3 Labatt, Master & Servant, sec. 1042, and notes; 83 Md. 257.

WOOD, J.  This is an action by the appellant against the appellee to recover damages for personal injuries. The appellant alleged that the appellee was a corporation, and that he was in its employ, and that while in the discharge of his duty, and free from any carelessness on his part, on the 9th day of August, 1921, through the negligence of the appellee, a large belt in the appellee's plant broke, one end of which struck the appellant about the head and left eye, which rendered him blind in that eye; that the appellee was negligent in failing to furnish the appellant a safe place to work and in failing to properly inspect the belt in use, and in removing the hood which was placed over the belt.  He prayed judgment for damages in the sum of $10,000.

Appellee, in its answer, denied all the material allegations of the complaint, and set up the affirmative defenses of contributory negligence and assumed risk.

The testimony of the appellant tended to prove that he was employed at the sawmill plant of the appellee as a common laborer.  On the day he was injured he was putting boards on the table for the rip-sawyer.  He was fourteen or fifteen feet away from the belt that broke. When the belt broke, the belt, or piece of it, hit the appellant in the eye, which put it out.  One witness testified that on the day before the accident he had worked on the belt that broke and injured the appellant; that he had fixed it with glue.  The belt came apart where it was glued and several pieces whipped off and flew in different directions.  Some were as large as your hand and some were not larger than your thumb.  The belt was

running very fast. There was no top on the box the day appellant was injured. The top was there for the protection of the employees. If the top had been on, the belt was not liable to fly out, but would have gone underneath. The hood should have been there, but was off to oil the bearings and had not been put back. If it had been on the appellant would not have been hurt. The belt was old. It had been used and spliced. It should be looked after every day. If it had been looked at that afternoon, it could have been discovered that it was coming loose.

Photographs of the rip-saw and premises showing where the appellant was situated on the day of his injury were identified by the photographer who took these pictures, and also by one of the owners of the plant, as being correct representations of the premises.

There was testimony on behalf of the appellee tending to prove that the place where the appellant was standing at the time of his injury was 23 feet from the belt; that it was not possible for the belt to reach over and strike the appellant. There was testimony tending to prove that the fender box housing the belt was properly constructed; that a top was not necessary on a machine of that make; that in mills constructed as this one was it was not customary to have housing or a top over the driving pulley. There was further testimony tending to show that the belt was of a reliable quality and properly constructed; that immediately after the appellant was injured the place where he was standing was examined and no piece of the belt was found that could have struck him. A piece of belt was found about a foot from where it came off the pulley. The belt itself was examined, and the whole belt was intact except a small piece about six inches wide.

Witnesses who were familiar with the premises and the construction of the belt and pulley, after testifying concerning these, stated that in their opinion it was not possible for the belt to come out of its housing and hit

a man where .the appellant was standing, and that it would have been more dangerous for the belt to have had a housing or covering over it than without.    There was testimony tending to prove that the belt had been inspected the day of the accident, and before the injury occurred.

The issues of negligence and assumption of risk were sent to the jury under instructions which will be referred to later.    The jury returned a verdict in favor of the appellee.    The motion for new trial, assigning the various errors upon which the appellant relies, was overruled.    We will refer later to such of these assignments of error as we deem necessary.    From a judgment in favor of the appellee is this appeal.

1.    After the appellant had exercised his challenges to the list furnished him from which to make up the jury, he asked the court to permit him to challenge juror Hightower and to accept in lieu of him juror O'Connell.    Appellant stated to the court that his attention had just been called to the fact that one E. A. Howell was vice-president and a director of a certain trust company and also vice-president and a director of the appellee; that juror Hightower was also an officer of the same trust company, and that for the reasons stated appellant wished the privilege of then challenging Hightower and accepting O'Connell, who at that time had left the room. The court refused the request, to which ruling appellant duly excepted.

It is not contended that Hightower had any interest, direct or remote, in the appellee.    He was a qualified juror, and it was within the discretion of the court at that juncture to refuse the above request of the appellant to substitute another juror for him.    There was no abuse of this discretion.    *Rumping* v. *National Bank of Hot Springs,* 121 Ark. 203.; *Funkhouser* v. *Pugue,* 13 Ark. 295; *Decker* v. *Laws,* 74 Ark. 286; *Lavender* v. *Hudgins,* 32 Ark. 763.

2. The photographs were duly authenticated. They were shown to be correct representations of the *locus in quo* at the time the appellant was injured. They were therefore "admissible as evidence to aid the court or jury to understand the evidence, and witnesses to explain their testimony." *K. C. S. R. Co.* v. *Morris*, 80 Ark. 528-534; *Young* v. *State*, 144 Ark. 71; see also *Zinn and Chaney* v. *State*, 135 Ark. 342.

3. Dr. Breathwit, who qualified as an expert in the treatment of the eye, after describing the nature of the wound to the appellant's eye, was asked this question: "Was the wound which you found upon your examination made at the time such as could have been made by appellant himself in stooping down and striking his eye against some object?" The witness, over the objection of appellant, was permitted to answer the question, and answered in the affirmative.

Conceding, without deciding, that the question was an improper one, the appellant is not in an attitude to complain of the ruling of the court. For the error, if it be an error, was waived by the appellant by not objecting to a precisely similar question propounded by appellee's counsel on cross-examination to an expert witness which appellant had introduced to prove the nature of the injury to appellant's eye. Moreover, the error, if it be an error, was invited by the appellant, and he is in no attitude to complain, because in the cross-examination of appellee's superintendent, who was on the ground and had his attention drawn to the injury a few minutes after it occurred, and who was investigating to ascertain the cause, he was asked by the appellant's counsel what he thought was the cause of the injury, and he explained that in his opinion "when the belt broke the appellant just ducked down and struck his eye on the sharp corner of the board." This testimony having been elicited by the appellant himself, he cannot complain because the appellee thereafter brought forward evidence, which was merely opinion evidence, to the effect that the appellant's

injury could have been caused by the appellant striking his eye against some object. The testimony thus adduced by the appellee was in its nature merely cumulative of that which had already been brought into the case by the appellant himself. See *Greer* v. *Laws,* 56 Ark. 37. While the appellant objected to the testimony of Dr. Breathwit, he did not ask the court to exclude testimony of the same nature which had already been brought into the case without his objection and the other testimony which had been elicited by the appellant himself.

4. The appellant complains of the ruling of the court in giving its instructions to the jury and in refusing certain prayers of appellant for instructions. It is unnecessary to set out and discuss in detail the several instructions given and the prayers for instructions refused. The issues of negligence and assumed risk were submitted to the jury in instructions which correctly declared the law applicable to the facts and in conformity with many decisions of this court. No useful purpose could be subserved by reiterating those familiar doctrines. The court submitted the appellant's theory of the case on the facts in several prayers for instructions. Such of appellant's correct prayers as were refused were covered by those granted. The court did not err in refusing the several prayers of the appellant for instructions on the issue of contributory negligence. There was really no testimony in the record tending to show that there was any contributory negligence on the part of the appellant, and the court would have been fully justified in refusing to submit that issue to the jury. The court, however, gave appellant's prayer No. 1, which embraced the issue of contributory negligence and fully covered other prayers of the appellant on that subject, which were refused. It was not error to refuse any prayer offered on the issue of contributory negligence, because that issue was entirely eliminated by the undisputed evidence in the case.

For the same reason the court did not err in refusing to give appellant's prayer for instruction No. 18 on the subject of comparative negligence.

Appellee's prayer for instruction No. 7 in substance told the jury that the appellee would not be liable in damages for an injury that was not the direct result of the negligence of the appellee. The instruction was correct. *Emerson* v. *Turner,* 95 Ark. 597-604; *Pittsburg Reduction Co.* v. *Horton,* 87 Ark. 576-581.

In appellee's instruction No. 8 the court told the jury, in effect, that the negligence of the appellee could not be presumed from the fact alone that the belt parted and that the appellant was injured thereby. The instruction was correct. *St. L. S. F. R. Co.* v. *Hill,* 79 Ark. 76-81, and cases there cited.

In instruction No. 9 the court, in effect, told the jury that, even if the appellant's injury resulted from the breaking of the belt caused by the appellee's failure to inspect the same, or its failure to have a hood over the belt, still the appellee would not be liable unless, in the exercise of ordinary care under the circumstances, it could have anticipated or foreseen that the injury might have occurred to the appellant while working at the place where he received the injury; that the appellee's duty to exercise reasonable care to furnish the appellant a safe place to work extended only to such parts of the premises as the appellant occupied while in the discharge of his duty. The instruction was correct. The master is only required to exercise ordinary care to furnish his employee a safe place in which, and safe tools with which, to do his work, and if the master, in the performance of this duty, has taken every precaution that a man of ordinary care and prudence would take under the same circumstances, then he is not guilty of any negligence. If the master, in the exercise of ordinary care to furnish a safe place and tools, could not have reasonably anticipated or foreseen that the injury could occur as it did, then he is not negligent if he fails to provide

means to prevent it. *Little Rock & Ft. Smith Ry. Co.* v. *Duffy*, 35 Ark. 602-615-616. 3 Labatt's Master & Servant, secs. 1042-1046, footnotes 2 and 3, and *Wood* v. *Heiges*, 83 Md. 257, 34 Atl. 872.

Instruction No. 10, given at the instance of the appellee, was an instruction on assumption of risk, and, taken in connection with appellant's instruction No. 4 on that subject, correctly declared the law.

Instruction No. 11, given at the request of the appellee, told the jury that if the appellant's injuries were the result of a pure accident and not the result of the negligence of any one, the appellant could not recover. The instruction was applicable to the facts and was a correct declaration of law.

The issues were correctly submitted to the jury, and there was testimony to sustain the verdict. The judgment must therefore be affirmed. It is so ordered.