## MISSOURI PACIFIC RAILROAD COMPANY *v.* WOOD.

### Opinion delivered July 14, 1924.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—The verdict of a jury upon conflicting evidence is conclusive.

2. RAILROADS—FIRE—EVIDENCE.—Evidence *held* legally sufficient to sustain finding that fire was communicated to plaintiff's building by a passing locomotive of defendant.

3. DAMAGES—BUILDING DESTROYED BY FIRE.—The measure of damages for a building destroyed by fire is its replacement value, taking into consideration the depreciation of the building before the fire; in other words, the cash market value of the building.

Appeal from Ouachita Circuit Court; *L. S. Britt,* Judge; affirmed.

*E. B. Kinsworthy* and *Samp Jennings,* for appellant.

Instruction No. 3 as to the measure of damages was erroneous. The proper measure of damages was the difference between the market value of the property before and after the fire. 81 Ark. 13; 67 Ark. 371; R. C. L., p. 480, No. 43; R. C. L., p. 481, No. 44.

*Smead & Meek* and *Creed Caldwell,* for appellee.

Instruction No. 3 correctly told the jury that the measure of damages sustained by plaintiffs was the reasonable cash market value of the property destroyed at the time and place of the fire. 130 Ark. 522. See also 77 N. W. (Iowa) 517; 33 Cyc. pp. 1389, 1390, 1391. The case in 81 Ark. 13 relied on by appellant is not in conflict with this view. See also 89 Ark. 418; 88 Ark. 533. The plaintiffs were entitled to the amount allowed by the jury. 119 Ark. 143.

McCULLOCH, C. J. Appellees instituted this action against appellant railroad company to recover the value of a building destroyed by fire, which is alleged to have been communicated to the roof of the building from a passing locomotive. The building was rented by appellees to tenants for business purposes, and it was totally destroyed by fire. The value of the building was alleged to be the sum of $2,000, and recovery was asked for that amount, with statutory penalty and attorney's fees.

The appellant answered denying that the fire which consumed the building of appellees was communicated from an engine.

There was a trial of the issues before a jury, which resulted in a verdict in favor of appellee for the value of the building, fixed by the jury at the full amount sought to be recovered by appellees.

The fire occurred between two and three o'clock on the morning of July 13, 1921. The building was situated in the city of Camden, near appellant's track, and testimony was adduced tending to show that a northbound freight train, operated by appellant, passed along the track near the building shortly after two o'clock in the morning of the date mentioned, that the engine was throwing sparks at the time, and that the fire was discovered shortly afterwards. One of the witnesses testified that a fire alarm was sounded about thirty minutes after the train had passed. It was a northbound train, according to the testimony of appellee's witnesses. The witnesses also testified that, when the fire was discovered and the alarm was sounded, it was observed that the roof of the building was on fire, and that there was no fire at first on the inside of the building. Testimony was also introduced concerning the value of the building.

There was a sharp conflict in the testimony in that appellant introduced witnesses whose testimony, if believed, established the fact beyond controversy that the only northbound train on appellant's track which passed through Camden on the night in question was a certain extra freight train, which passed Camden about ten o'clock and arrived at Gurdon about twelve o'clock. Appellant introduced its train dispatchers, and the trainmaster, and the conductor, engineer and fireman of the particular train involved in this controversy. The record of the movement of trains was also introduced, and all this testimony tended very strongly to prove that the only northbound freight train that night was one which passed through Camden about ten o'clock—certainly not

later than eleven o'clock. We cannot, however, treat this testimony as uncontradicted, for several witnesses introduced by appellees testified positively that a northbound freight train passed through Camden on appellant's road about two o'clock or two-fifteen in the morning. There being a conflict, and there being legally sufficient evidence to justify a verdict either way, we are not at liberty to disturb the finding of the jury on that issue.

There is also a conflict in the testimony as to the location of the fire at the time it was discovered and the alarm given. As before stated, appellee's witnesses testified that the roof was burning, and that there was no indication of fire on the inside of the building, but, on the other hand, appellant's witnesses testified that the building was afire on the inside, not on the roof. Appellant also introduced photographs and other testimony tending to show that the building caught from the flue of a stove in the rear end of the building.

It is earnestly insisted that the evidence is not sufficient to sustain the verdict, but we are of the opinion that there is legally sufficient evidence on all of the issues in the case, and that the verdict of the jury is conclusive.

The only other assignment of error relates to an instruction given by the court on the measure of damages, which stated the measure of damages to be the cash market value of the building. It is contended that the measure of damages should have been stated as the difference between the value of the premises before and after the destruction of the building. That question has, however, been put at rest by the decision of this court in the case of *Bush* v. *Taylor,* 130 Ark. 522, where we said that "if the value of the property destroyed depends upon its connection with the soil, the measure of the damages is the difference in the value of the land before and after the fire. But, if the property destroyed could be replaced in substantially the condition in which it existed before the fire, then the measure of the damages is the cost of so replacing it." This means, of course, the

replacement value, taking into consideration the depreciation of the old building, and that is tantamount to saying that the cash market value at the time is the true measure of damages. In the opinion in that case there is pointed out the distinction between destroyed property, such as fruit trees, pasture grasses, etc., which depend for their value upon their connection with the soil.

There is no error in the record, and the judgment is affirmed.