MRS. HICKORY BATES V. THE STATE.

No. 21934. Delivered February 11, 1942.

The opinion states the case.

*Jesse Owens,* of Vernon, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The primary offense charged in the information was that

of the unlawful sale of whiskey in a dry area. For the purpose of enhancing the punishment under the provisions of Art. 61, P. C., it was also charged that, prior to the commission of said primary offense, the appellant had been convicted of an offense of like character—the unlawful sale of beer in a dry area. Under a general charge submitting both features of the State's pleading, appellant was convicted and her punishment assessed at a fine of $200.00 and confinement in the county jail for a term of ninety days.

To that part of the charge submitting the enhanced punishment feature of the case the appellant excepted because the evidence was insufficient to authorize the submission thereof. The exception should have been sustained. The facts before us show that the only evidence supporting such feature of the case was the introduction of a judgment of the County Court of Hardeman County showing that, in December, 1938, appellant had been convicted by a jury as "charged" and her punishment assessed at a fine of $25.00. What that charge was the record does not reflect. The accusation upon which such conviction rested is not shown, nor does the record otherwise reveal that said conviction was for the unlawful sale of beer in a dry area.

It follows that the evidence was insufficient to authorize the submission to the jury of the enhanced punishment.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.