## MOORE v. LAWSON.

4-7966                                    196 S. W. 2d 908

Opinion delivered October 28, 1946.

*J. L. Shaver*, for appellant.

*Giles Dearing*, for appellee.

McHANEY, Justice. Appellants own lands on which they grow rice adjacent to and lying west and north of lands owned by appellee, on which the latter grows cotton, corn and hay. Appellee brought this action to recover damages to his land and crops caused by the negligence of appellants in permitting rice water to flow from their rice lands onto the lands and crops of appellee. He alleged that he prepared five acres of his land in the spring of 1945 to plant in corn, but that appellants flooded his land after it was prepared to such an extent that he was unable to plant it and was thereby damaged to the extent of the rental value of $15 per acre, or $75. He also alleged that, in the fall of 1945, appellants cut their dams and embankments and turned their rice water into his mature cotton crop, causing the complete destruction of five acres of cotton that would have produced a bale to the acre and was worth $650. The answer was general denial, and a plea that, if appellee were damaged by water, it was the result of excessive rainfall.

Trial resulted in a verdict and judgment against appellants in the sum of $300, from which is this appeal.

For a reversal of this judgment, appellants first contend that the court erred in refusing to direct a verdict in their favor at their request, because the damage to the cotton could not be ascertained with any reasonable certainty. The court correctly refused to direct a verdict for appellants. The evidence was sufficient to show that they caused their rice water to flow into and upon five acres of mature cotton in the late summer or fall, upon which it remained for a sufficient length of time to kill all the cotton growing thereon and completely destroyed it; that the five acres would have produced five bales; and that cotton was worth 24 or 24½ cents per pound. It is said the evidence fails to disclose the weight of a bale of cotton and the jury would have to guess at the weight. We assume that the jury was composed of persons of good common sense, of average intelligence and reasonable information, and that such a jury would know what everybody else knows—that a bale of cotton means one which weighs 500 pounds. Appellee's loss of five bales of cotton meant the loss of about two

and one-half tons of seed, and we think the judgment for $300 was amply established even had the jury not awarded any amount for the rental value of the corn land.

It is next argued that the court erred in giving appellee's instruction No. 2. This instruction correctly submitted to the jury the question of the negligence of appellants in the destruction of the cotton, and if they found from a preponderance of the evidence that they carelessly and negligently cut their dams and permitted the water to flow on appellee's crops to his injury they should find for him, and should "fix his damages in such sums as you find to be the fair market value of said crops so destroyed, which were matured, less the cost of harvesting and marketing the same." We think the court gave the correct measure of damages. The cotton was practically matured. It had grown bolls and some blooms. As said in *Brown* v. *Arkebauer*, 182 Ark. 354, 31 S. W. 2d 530, to quote headnote 4: "Where strawberries, at the time they were injured by defendant's cattle, had advanced to that state of maturity where picking would begin within a few days, the measure of damages for their destruction was the value of the berries at the time of their destruction, and not the rental value of the land."

The rental value of the land would not be the correct measure of damages, because the crop was made at that time. All that remained was to harvest and market it, and the jury, by its verdict, properly took these costs into consideration.

It is finally argued that the court erred in refusing to give their requested instruction No. 9. It related solely to the burden of proof which the court had placed on appellee in instruction No. 2, above mentioned, and it was not required to repeat instructions on the same question.

No error appearing, the judgment is affirmed.