RHINE *v.* HALEY.

5-3194                                         378 S. W. 2d 655

Opinion delivered May 4, 1964.
[Rehearing denied June 1, 1964.]

*Ward & Mooney, Howard A. Mayes,* for appellant.

*W. B. Howard* and *Jack Segars,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a judgment in favor of a client against an attorney on allegations of professional neglect or malpractice. The client, appellee Mildred Haley, retained appellant L. V. Rhine, an attorney, to represent her in a suit for divorce and a settlement of her property rights. The appellant undertook the employment. A property settlement agreement was drafted and signed and, subsequently, appellee was granted a decree of divorce.

The property settlement bound appellee's husband to pay appellee and for appellee's benefit various sums of money totaling approximately $13,000.00, which appellee had advanced to her husband during the years when the parties enjoyed a more amicable relationship. At the time of its execution appellee's husband, Dr. R. J. Haley, was the owner of several hundred acres of land in Greene and Lawrence Counties. The property settlement provided for no lien or tie on the lands and property of R. J. Haley to secure the amounts which he agreed to pay his wife.

Soon after the execution of the property settlement and the rendition of the decree of divorce, Dr. Haley defaulted and failed to make payments in accordance with the property settlement. Appellee again consulted appellant, with reference to the default and the collection of the amounts due her. While there was strenuous denial on the part of appellant, appellee contended that appellant undertook to collect such amounts.

After a considerable lapse of time, during which Dr. Haley paid relatively little on the obligations due appellee, Haley sold all his real property, took the proceeds and all his personal property and absconded to Louisiana with his new wife. After fruitless efforts to collect from her former husband, appellee instituted the present suit in Greene Circuit Court. A jury trial was requested. Following a lengthy hearing, instructions and argument,

the jury returned a verdict in favor of appellee in the sum of $12,898.27. From judgment on the verdict appellant prosecutes this appeal.

Appellant has filed a 292 page abstract and brief, urging eleven principal points for reversal. Several of the points are so interrelated as to allow their consolidation.

I.

In points 1, 2, 4 and 5 appellant asserts the trial court erred in the giving of Court's Instruction No. 6. In each instance appellant contends that one or more features of the instruction were abstract for want of evidence, and appellant further contends that the entire instruction was abstract in that there was no evidence to go to the jury on any aspect of the instruction. Instruction No. 6 is as follows:

"You are instructed that the plaintiff, Mrs. Haley, bases her right to recover in this action against the defendant, Mr. Rhine, upon two separate and alternative theories and in order to recover she must prove her contentions under either one or both of those theories, as hereinafter set out.

"It is Mrs. Haley's contention that at or about the time she signed the property settlement agreement, Mr. Rhine was negligent in failing to speak or act in the performance of a duty that he owed to Mrs. Haley with reference to the legal effect and consequences of that document, or that under the circumstances, in violation of a professional obligation, failed to incorporate within the instrument referred to, or in some other instrument, provisions which would effect a lien upon the property of Dr. Haley, and that such failure was a failure to exercise ordinary skill and care in the exercise of his duty. If you find from a preponderance of the evidence that the defendant was negligent in performing his professional duties in these particulars you will find for the plaintiff, and unless you do so find there can be no recovery for the plaintiff under this theory.

"The plaintiff, Mrs. Haley, further contends that even though you may find that Mr. Rhine had discharged his professional obligations to Mrs. Haley with respect to the property settlement and that thereby his contract of employment was terminated by the entry of the divorce decree, that thereafter a contract was entered into by and between her and Mr. Rhine whereby he undertook to collect the indebtedness owing as a result of the property settlement and that he failed to exercise reasonable and ordinary care in effecting this collection. You are instructed that if you find from a preponderance of the evidence that a contract or agreement, either express or implied, was entered into by and between the plaintiff and defendant for the collection of the indebtedness owing by Dr. Haley and further that the defendant failed to exercise ordinary skill and care in effectuating that collection, then and in that event you will return a verdict for the plaintiff, and unless you do so find there can be no recovery for the plaintiff under this theory."

Was the instruction abstract in any particular?

On appeals from circuit court it is not our function to re-try the case. We have examined the record for the sole purpose of ascertaining whether there was any evidence to sustain the giving of the instruction and support the resulting verdict and judgment. We think this question must be answered in the affirmative.

As indicated, the record is rather bulky and voluminous, and it would serve no useful purpose to detail the evidence at length. Suffice it to say there was ample evidence to justify the submission to the jury of the issues set forth in Instruction No. 6. When viewed in the light most favorable to appellee, as is our duty, there was evidence to show that the appellant was employed to draft the property settlement and procure the decree of divorce. In so drafting the property settlement, the appellant did not incorporate a lien to secure his client in the collection of the amounts due her, nor did he advise the client of the legal effect of her execution of the instrument. In particular, he did not advise the client

that by her execution of the agreement in question she was placing it within the power of her husband to follow the very course which he subsequently pursued.

The testimony was adequate to sustain a finding that after appellee's former husband made default appellant undertook to collect the amounts due her, and that at the time of such undertaking Dr. Haley was in possession of property having a value in excess of the amounts due appellee. It was undisputed that appellant failed to collect these amounts.

Some of the most outstanding attorneys in northeast Arkansas gave testimony indicating that appellant's course of conduct in connection with the employment failed to measure up to that which an ordinarily careful and prudent practitioner would have employed under the same or similar circumstances. The state of the record being thus, we cannot say that the trial court erred in giving Instruction No. 6 nor that the verdict and judgment are not supported by the evidence.

II.

Appellant complains that in the course of her testimony and on re-direct examination, appellee was allowed to make a so-called "self-serving declaration," stating her understanding of the legal meaning and effect of certain portions of the property settlement agreement. Assuming, without deciding, that such testimony would ordinarily be improper, it is clear from the record that any error in this respect was invited by appellant. Appellant cross-examined appellee at length with reference to her understanding and knowledge of the meaning of the meaning of the various words and phrases used in the property settlement agreement. Having embarked on this line of inquiry, appellant cannot now complain because appellee accepted his invitation to give such testimony and because the matter was pursued further on re-direct examination. *Standard Life & Accident Ins. Co.* v. *Schmaltz,* 66 Ark. 588, 53 S. W. 49.

### III.

Appellant insists that he was entitled to a directed verdict on the ground that appellee had made no reasonable effort to collect directly from her former husband the amounts due her under the property settlement. In our view, the reasonableness of appellee's efforts to collect directly from her former husband was a question for the jury. Among other things, the record reflects that appellee brought an action against the holder of certain notes received by her ex-husband as part of the purchase price for the real property which he sold preparatory to absconding. In that action, to which her former husband was made a party by constructive service, appellee attempted to have her former husband declared to be the real and beneficial owner of the notes in question and to fasten a lien on such notes by equitable garnishment. This suit was unsuccessful at the trial level, and an appeal was prosecuted to this court, wherein we affirmed the action of the trial court in denying relief to appellee. See *Haley v. Greenhaw*, 235 Ark. 481, 360 S. W. 2d 753.

In addition to prosecution of the cited case, appellee testified to an unsuccessful search for property owned by her ex-husband in Arkansas and further testified that her attorneys had unsuccessfully attempted to collect the money from Dr. Haley in Louisiana.

Appellant suggests other steps which appellee might have pursued in attempting collection directly from the assets of her former husband. Without commenting upon the efficacy of such propositions advanced by appellant, it is sufficient to say that there was an issue of fact on this question and appellant was not entitled to a directed verdict on this theory.

### IV.

In an apparent attempt to establish that Dr. Haley could still be compelled to pay appellee the amounts due her, appellant on cross-examination propounded a question to appellee about the amount which Dr. Haley earned

each month while practicing in Paragould. This question was objected to and the objection sustained on the ground of irrelevancy. When the objection was sustained appellant made no attempt to make an offer of proof or to show what the answer of the witness would have been, had she been permitted to answer. Under the long standing rule of this court, we cannot speculate as to what the answer would have been. Therefore, having failed to complete the record on this matter, appellant is now in no position to assert error on this point. *City of Prescott* v. *Williamson,* 108 Ark. 500, 158 S. W. 770.

Appellee interrogated the lawyers called by her as experts on the propriety of a lawyer devoting his efforts to the collection of a personal debt, rather than attempting to collect for the client, where the client's debtor is also the lawyer's debtor. The appellant objected to such interrogation on the ground that the hypothetical questions propounded to these witnesses failed to include the element that the lawyer was still employed by the client at the time he attempted to collect his own debt. It is appellant's insistance that any such conduct on his part occurred only after the termination of the attorney-client relationship. In asserting that the admission of such testimony was erroneous, appellant apparently takes the position that any answer to the question would be irrelevant.

An examination of the record reveals that four witnesses were interrogated by hypothetical questions with reference to the duty of a lawyer to place the interests of his client above that of his own. The first witness questioned about the matter was attorney Maurice Cathey. When this witness was questioned on the subject, appellant interposed a general objection, without stating the ground therefor. This objection was sustained by the trial judge. Whereupon the appellee made an offer of proof out of the hearing of the jury. Upon resumption in the presence of the jury, appellee re-phrased the question in the following language:

"Q. Mr. Cathey, I am going to state a new question. Assume the relationship of attorney and client, wife who signed the property settlement and attorney still existed, assuming further that the husband who was a party to the property settlement owed a note signed by the attorney as surety, would a reasonable, prudent and careful practitioner in this community attempt to collect the note wherein he was personally liable while doing nothing about collecting the amount due the wife?"

Appellee's counsel then inquired, "Does that meet the objection?" In response to this inquiry the court said, "I will permit the question to be answered." Appellant made no objection whatever to the propounding of the quoted question, nor the ruling of the court permitting it to be answered. Neither did he object to the answer or move that the answer be stricken.

The next witness to be interrogated on the subject was attorney Cecil Grooms. When a question substantially similar to the question previously propounded to attorney Cathey was asked of attorney Grooms the appellant objected, "I object to that question, the hypothesis does not include the fact, state of employment." Without a ruling by the court on the objection, appellee voluntarily modified the question propounded, as follows: "With the further additional assumption, Mr. Grooms, assume further the attorney was still employed by the wife?" Thereupon the witness answered the question without any further objection by appellant or any ruling of the court. Later attorney Frank Sloan was questioned on the same issue, and appellant objected on the ground that the record showed that he made no attempt to collect his personal obligation until after termination of his employment by appellee. This last objection was apparently that the matter was irrelevant on the issue of appellant's negligence. On cross-examination of witness Sloan, appellant propounded a hypothetical question on the same issue, with emphasis on the assumption that any efforts to collect his personal obligation occurred after termination of this employment. The wit-

ness answered that there would be no impropriety in attempting to collect or collecting personal obligations at that time.

Finally, attorney G. D. Walker was questioned by appellee by hypothetical questions on the same subject and appellant objected on the ground that the hypothesis failed to encompass the fact that appellant's efforts to collect his own obligation were after termination of his employment by appellee. This objection was overruled and the witness allowed to answer. Again appellant, on cross-examination of witness Walker, elicited testimony that there was nothing improper in collecting amounts due him, or for which he was liable, after termination of employment by appellee. By this cross-examination, appellant supplied the alleged missing element of the hypothesis and followed the procedure heretofore approved by this court. *Shaver* v. *Parsons Feed & Farm Supply, Inc.*, 230 Ark. 357, 322 S. W. 2d 690; *New Empire Insurance Co.* v. *Taylor*, 235 Ark. 758, 362 S. W. 2d 4.

We have gone into some detail to set forth the state of the record and the grounds of the objections interposed by appellant because this matter initially gave us some concern. However, with the record as indicated we are impelled to the conclusion that appellant waived all objections to the testimony in question.

Appellant's objections fall into two classes: (1) The hypotheticals failed to incorporate all pertinent facts, and (2) the matter was irrelevant to the issue of negligence. Appellant was apparently satisfied with the modified questions propounded to witnesses Cathey and Grooms and did not reiterate or renew his objection to this testimony from these witnesses on any ground. Certainly the modifications of the questions to these two witnesses before they answered corrected the objections interposed by appellant. Thus when the witnesses Sloan and Walker were interrogated on this subject, there was already testimony, admitted without objection, establishing the same facts to which these witnesses testified. Further, appellant cross-examined these witnesses and

proved by them that there was nothing improper in protecting his own interests after cessation of his employment. The testimony of Cathey and Grooms established and proved the rule objected to in the testimony of Sloan and Walker.

In *LaGrand* v. *Arkansas Oak Flooring Co.*, 155 Ark. 585, 245 S. W. 38, it was contended that a question propounded to an expert was improper. In that case the court said:

"Conceding, without deciding, that the question was an improper one, the appellant is not in an attitude to complain of the ruling of the court. For the error, if it be an error, was waived by the appellant by not objecting to a precisely similar question propounded by appellee's counsel on cross-examination to an expert witness which appellant had introduced to prove the nature of the injury to appellant's eye."

This court has never deviated from the rule of *LaGrand* on the many other occasions when the question has presented itself. *Payne* v. *Thurston*, 148 Ark. 456, 230 S. W. 561; *Ward* v. *Ft. Smith Light & Traction Co.*, 123 Ark. 548, 185 S. W. 1085; *Dierks Lumber & Coal Co.* v. *Tollerson*, 186 Ark. 429, 54 S. W. 2d 61; *Schlosberg* v. *Doup*, 187 Ark. 931, 63 S. W. 2d 337; *Arkansas Power & Light Co.* v. *Boyd*, 188 Ark. 254, 65 S. W. 2d 919. In some of the authorities it is said that when evidence of a similar nature has been admitted without objection, the error is waived. In others it is said that the error is not prejudicial. However, the holding of all of the authorities may be summed up by saying that in a situation such as that shown by the record in the case at bar appellant is in no position to complain.

The fact that appellant objected on the ground of irrelevancy as to the testimony of witnesses Sloan and Walker, whereas his earlier objections to the testimony of Cathey and Grooms were as to the form of the hypothetical question, is of no moment, because the earlier objections were corrected, and the testimony of the first

two witnesses, when admitted, came in without any objections. Therefore the admission of the testimony of Cathey and Grooms, without objection, was an effective waiver of the right to object to the testimony of Sloan and Walker on the ground of irrelevancy.

## VI.

The witnesses mentioned in the discussion of the preceding point were called by appellee to testify as to what ordinarily careful and prudent practitioners in the Greene County area would have done under the same or similar circumstances. Appellant complains that such testimony is improper in that it allowed the witnesses to testify as to conclusions of law, and that no witness may be allowed to testify as to the law. It is said that when these witnesses gave their opinion as to the proper method of procedure, and when they explained the reasons for such procedure by reference to the governing law, they were usurping the function of the court. It is contended that the trial court has the sole and exclusive authority to advise the jury as to matter of law. Many authorities are cited by appellant in support of this proposition. However, the testimony in question was not proof as to conclusions of law, but, rather, it was evidence of standards of conduct for attorneys in the community in question, and references to the law were purely by way of explanation as to proper methods of procedure. The challenged testimony simply went to the issue of whether appellant was negligent in the performance of his professional employment.

In the early case of *Pennington* v. *Yell*, 11 Ark. 212, this court said:

"reasonable diligence and skill constitute the measure of an attorney's engagement with his client. He is liable only for gross negligence or gross ignorance in the performance of his professional duties; and this is a question of fact to be determined by the jury, and is sometimes to be ascertained by the evidence of those who are conversant with and skilled in the same kind of busi-

ness, (as the cases of *Russell* v. *Palmer,* 2 *Wil.* 325, and of *Godfrey* v. *Dalton,* 6 *Bing.* 460.) These doctrines are sustained by all the authorities with unanimity and distinctness. 4 *Burr.* 2060. 3 *Camp.* 17, 19. 2 *Bos. & Pul.* 357. 4 *Ala.* 594. 2 *Porter* 210. 2 *How. (Miss.)* 317. 2 *Greenl. Ev., sec.* 144, *p.* 137.''

In *Hampel-Lawson Mercantile Co.* v. *Poe,* 169 Ark. 840, 277 S. W. 29, this court had occasion to discuss and elaborate on the *Pennington* case as follows:·

''Because the relationship between an attorney and client is one of trust and confidence, our own court, in *Pennington* v. *Yell, supra,* declared· that the failure to exercise ordinary care as above defined on the part of attorney is *crassa negligentia*—gross negligence. When our court declared that an attorney is liable only for gross negligence or gross ignorance in the performance of his professional duties, it was but tantamount to saying that an attorney is liable to his client for a failure to exercise ordinary care as above defined. 6 Corpus Juris, § 226; *Holmes* v. *Peck,* 1 R. I. 242; *Goodman* v. *Walker,* 30 Ala. 482, 495.''

The testimony in question was for the purpose of furnishing the jury with a guide and a standard by which to measure appellant's conduct under the circumstances in determining the ultimate issue of whether appellant was or was not negligent. While as an abstract proposition, it is improper to call witnesses to testify as to conclusions of law, this was not the situation in the case at bar. As to the propriety of an attorney's testimony as to negligence and standards of conduct in a malpractice action, the weight of authority is to the effect that such testimony is proper and permissible. In 5 Am. Jur., Attorneys at Law, §104, p. 342, it is said:.

''In actions against attorneys for negligence, want of skill, or disobedience to instructions, the ordinary rules of evidence are applicable . . . Whether an attorney has been negligent or has displayed such ignorance in the performance of his professional duties as to render him liable to his client for damages resulting there-

from is sometimes to be ascertained from the testimony of those who are conversant with, and skilled in, the same kind of business." (Citing *Pennington* v. *Yell*, 11 Ark. 212, 52 Am. Dec. 262.)

See also *Automobile Underwriters, Incorporated* v. *Smith*, 166 N. E. 2d 341 (Ind. 1960); *Lynch* v. *Republic Pub. Co.*, 243 P. 2d 636 (Wash. 1952).

## VII.

Appellant requested the following instruction:

"You are instructed that when Attorney L. V. Rhine was employed by Mrs. Mildred Haley to assist her and her husband in reducing a property settlement agreement to writing and to procure for her a decree of divorce from her husband, Mr. Rhine was not bound, in the absence of a special agreement, to file that written agreement for recordation or to see that it was made a public record. Such filing and recording of written instruments is no part of an.attorney's duty, unless he has specially undertaken it."

This instruction was properly refused by the trial court for the reason that it was abstract. No evidence was adduced by either party and no instruction was given by the court submitting any issue as to any negligence on the part of appellant in failing to file for record the property settlement in question. Although there were allegations in the complaint to the effect that such failure was negligent, appellee apparently abandoned this theory at trial, and there was no reason for instructing the jury on a matter which was extraneous to the issues to be determined.

## VIII.

Appellant requested the following instruction:

"You are instructed that defendant L. V. Rhine entered this trial with the benefit of a legal presumption that he had fully and correctly discharged every obligation that he ever owed to Mrs. Haley, and you must give

him the benefit of that presumption throughout the trial unless you become convinced by a preponderance of the evidence that he failed to perform some duty which you find that he owed to Mrs. Haley.''

This instruction was refused by the trial court. It will be observed that the instruction was, in the final analysis, a request to charge that the burden was on appellee to establish her case by a preponderance of the evidence. This matter had already been covered by Court's Instruction No. 6 (*supra*, part I.). In a substantially similar situation this court held that there was no error in failing to give instructions as to legal presumptions which merely amounted to placing the burden of proof upon the plaintiff where such burden had been fairly placed upon the plaintiff in other instructions. *Cockerham* v. *Barnes,* 230 Ark. 197, 321 S. W. 2d 385. See also *Moore* v. *Lawson,* 210 Ark. 553, 196 S. W. 2d 908. Therefore there was no error in refusing appellant's requested instruction set out above.

Appellee has cross-appealed, contending that since every item of her damage was liquidated and because the items which she was precluded from collecting from her ex-husband bore interest according to their terms, the trial court erred in failing to add interest to the jury verdict. It is argued that the trial court reserved the question of whether interest was allowable for determination after rendition of the jury's verdict. However after rendition of the verdict, the trial court refused interest. There was no error in the action of the trial court in disallowing these items. of interest. Although appellee's claim against her ex-husband was on contract, her claim against appellant was in tort on the theory that appellant was guilty of negligence.

In *Southern Farm Bureau Cas. Ins. Co.* v. *Hardin,* 233 Ark. 1011, 351 S. W. 2d 153, this court modified a judgment by deleting an amount added by the trial court to the jury verdict for interest. This modification was for the reason that the action was in tort and interest was allowable only from the date of judgment. Appellee rec-

ognizes the force of this holding, but in effect urges us to overrule the case. We see no valid reason for so doing. Accordingly, the cross-appeal is denied.

Finding no error in the proceedings, the case is affirmed on appeal and on cross-appeal.