BARNES *v.* YOUNG.

5-3276                               382 S. W. 2d 580

Opinion delivered October 12, 1964.

*W. B. Howard* and *Jack Segars,* for appellant.

*Gerald E. Pearson,* for appellee.

FRANK HOLT, Associate Justice. This is a suit by appellee against appellants to quiet title to a two and one-half

acre strip of land lying between their properties. Also, damages are sought for destruction of a fence and growing crops. Appellee claims ownership of acquiescence and adverse possession and asserts that a fence constitutes an agreed boundary. The appellants denied these assertions and contend that the use of this disputed strip by appellee and his predecessors in title was permissive. The Chancellor found the issues in favor of the appellee and this appeal follows.

For reversal appellants first urge that "the court erred in excluding testimony as to parol agreements of appellee's predecessors in title, recognizing that the fence in question was not the boundary line and agreeing that their use of the land was permissive." The deposition of appellant S. F. Barnes, father of the other two appellants, was offered in evidence to this effect. The appellants are correct in their contention that this evidence is admissible. This is true even though appellee's predecessors in title are now deceased. It is well settled that declarations against interest of one in possession of land, though now deceased, which are adverse to his title are admissible against successors in interest who claim under him. *Russell* v. *Webb,* 96 Ark. 190, 131 S. W. 456; *Norden* v. *Martin,* 202 Ark. 180, 149 S. W. 2d 550; *Howell* v. *Simpson,* 216 Ark. 873, 228 S. W. 2d 40.

It is likewise urged that appellant Woodrow Barnes should have been permitted to testify as to a conversation he overheard between his father, S. F. Barnes, and Herman Young, now deceased, about the time Young acquired title from their common grantor. From our review of the excluded testimony, we are of the opinion it is too general, or indefinite, to indicate any agreement concerning permissive use. Further, when the Chancellor excluded the attempted testimony no offer was made to show exactly what the testimony of the witness, Woodrow Barnes, would have been. We cannot consider on appeal an objection to the exclusion of testimony unless there is a showing of what it would have been.

*Stewart* v. *Bittle,* 236 Ark. 716, 370 S. W. 2d 132; *Lynch* v. *Garnes,* 227 Ark. 767, 301 S. W. 2d 739.

The appellants next contend that the preponderance of the evidence showed that the boundary line between the respective tracts had never been established. We assume, arguendo, that the excluded evidence of Woodrow Barnes was sufficiently clear to be admissible. When we consider on a trial de novo his rejected testimony, along with that of his father, S. F. Barnes, to the effect that the use of the land by the appellee and his predecessors in title was permissive, we are of the view that the evidence in the case at bar preponderates in favor of the appellee.

There is some evidence that the true boundary line is about ninety feet south of the fence. However, there is no evidence in this case supporting the claim of agreed or permissive use of the disputed land except that of these interested parties. Appellant S. F. Barnes, ninety-two years of age, gave a deposition about an understanding of permissive use of the disputed land that occurred in 1907 when he purchased his land from a Mr. Pratt and another such incident in 1925 or '26 when appellee's father, Herman Young, purchased the adjoining tract from Pratt. Also, that he had "talked about the corners" with appellee. The other evidence is by appellant Woodrow Barnes concerning a conversation he overheard between his father and Herman Young about 1925 or '26 when he, Woodrow, was a boy approximately ten years of age.

Contrasted with this meager evidence there is testimony by the appellee and distinterested witnesses that the fence in question existed for approximately fifty years prior to the date of the trial; that a wire fence replaced an old picket fence about 1925 or 1926 when Herman Young, appellee's predecessor, purchased the land from Pratt; that appellee and his predecessor in title, his father, had exercised possession and control adversely over the disputed strip for more than the required seven years or for approximately thirty-seven

years by cultivating it up to the disputed fence; that part of it had been placed in ''the soil bank'' program; and that appellee's first knowledge of appellants questioning his ownership was shortly before this litigation. Appellee denied appellants' assertion of permissive use by his father or himself.

In *Stewart* v. *Bittle, supra,* we said:

''It may be conceded, as claimed by appellant, that there never was any express agreement to treat the fence as the dividing line between the two parcels of land. Such an agreement, however, may be inferred by the actions of the parties.''

Also, see *Gregory* v. *Jones,* 212 Ark. 443, 206 S. W. 2d 18. In the case at bar we think that the recognition of the fence as visible evidence of the division line for some fifty years was of such quietude and acquiescence that an agreement is fairly inferred that it represents the true boundary.

We are of the view that ownership of the property in question was also established by adverse possession. *Pitts* v. *Pitts,* 213 Ark. 379, 210 S. W. 2d 502. Certainly, from a careful review of the evidence in this case, upon a trial de novo, we cannot say that the Chancellor's finding that the existing fence constituted the true boundary is against the preponderance of the evidence. *England* v. *Scott,* 205 Ark. 47, 166 S. W. 2d 1014.

The appellants next contend there was no evidence on which to predicate a $175.00 judgment for damages resulting from appellants' tearing down the fence and plowing up appellee's crops. Appellee established the damage to his growing crops by showing only the gross income from similar crops which had matured and he had harvested. This is not the proper measure of damages. The appellee was only entitled to the value of his growing crop at the time of its destruction or damage. *Moore* v. *Lawson,* 210 Ark. 553, 196 S. W. 2d 908; *Turner* v. *Smith,* 217 Ark. 441, 231 S. W. 2d 110.

Appellee sought to prove his damages for destruction of the existing fence by showing the replacement cost of a new fence. This was incorrect. The appellee was entitled only to the cost of replacement of the existing fence in substantially the same condition that existed at the time appellants destroyed it. *Bush, Receiver* v. *Taylor,* 130 Ark. 522, 197 S. W. 1172; *Missouri Pacific R. Co.* v. *Wood,* 165 Ark. 240, 263 S. W. 964.

The decree is modified to the extent that the award of damages is disallowed. Accordingly, the decree is modified and affirmed.