ARK. STATE HIGHWAY COMM'N v.
VERNON E. McMILLAN ESTATE

5-5014                                                                445 S. W. 2d 717

Opinion delivered October 20, 1969

*Thomas B. Keys* and *Kenneth R. Brock,* for appellant.

*James C. Cole,* for appellees.

CONLEY BYRD, Justice. For reversal of this eminent-domain action appellant Arkansas State Highway Commission relies upon the following points:

"I. The trial court erred in refusing to allow appellant's expert witness, Zack Mashburn, to testify whether he made an investigation to determine the intentions of Holiday Inn, Inc.

"II. The trial court erred in refusing the appellant's requested Instruction No. 7."

Under point I the record shows that counsel for appellant asked Mr. Zack Mashburn, an appraiser for the Highway Department, the following question: "Have you made any investigation to determine the present intentions of Holiday Inn?" Upon objection by counsel for appellee, the Vernon E. McMillan Estate, sustained by the trial court, the parties retired to chambers where counsel stated: "Your Honor, I would like to ask the witness if he made an investigation to determine the intentions of Holiday Inn, Inc., as of March 27, 1968, with regard to locating a Holiday Inn at the interchange of Interstate 30 and 270." The record fails to show what the witness would have said had he been permitted to answer the question. The burden is on the one seeking to reverse a judgment of the trial court to show that he was prejudiced by the action of the court. Without a proffer of what the testimony would have been, we are not in a position to say that the action of the trial court was prejudicial. See *City of Prescott* v. *Williamson,* 108 Ark. 500, 158 S. W. 2d 770 (1913).

The alleged error under point II is the trial court's refusal to give the following instruction:

"You are instructed that the law of Arkansas requires a property owner to assess his property at 20% of its true value *and you may, therefore, consider the value the landowner has placed on his property for tax purposes as evidence of its true value in arriving at your verdict.* While this value is not a controlling factor, it is a factor you may properly consider."

The only proof on the assessed value of the land is testimony of Mr. Mashburn, as follows:

"Q. Did you in making your appraisal ascertain the value at which this property is assessed for the property tax purposes?

"A. Yes.

"Q. What was that evaluation?

"A. Eighty dollars."

Under this state of the record there is no showing what value the *landowner* placed on his property for tax purposes—*i. e.,* the only showing is the assessed value on the tax book, which may have been the valuation of the personal representative appointed by the court, see Ark. Stat. Ann. § 84-421 (Repl. 1960), or an adjusted valuation made by the assessor, see Ark. Stat. Ann. § 84-437 (Repl. 1960). Since the instruction is predicated upon facts not in the record it was properly refused by the trial court, See *Texas Pipeline Company* v. *Johnson,* 169 Ark. 235, 275 S. W. 329 (1925).

Finding no error, the judgment is affirmed.