**Hoyer v. Frazee**

*Thomas A. Beckley, Jonathan M. Crist,* for plaintiffs.

*Henry O. Heiser, III,* for defendants.

QUIGLEY, *P.J.*, December 1, 1981—This action in assumpsit and in trespass arises out of the purchase by plaintiffs of certain land situate in Franklin Township, Adams County, Pa. On July 23, 1973, plaintiffs executed articles of agreement offering to buy the land from the estate of Gladys J. Berry, deceased, which land was described as containing 45 acres, more or less.

At the time of this transaction, plaintiffs were residents of New York State. On or about August 3, 1973, they retained defendant attorneys to perform an examination of record title and to represent plaintiffs in the closing of the sale.

According to the terms of the articles of agreement, the seller was to do a survey of the 45 acres. However, the estate did not agree to this provision and amended the agreement to provide that the sale would be accomplished with the use of an existing survey and a new survey to define the boundary where the subject property has been subdivided. Plaintiffs responded that this would be acceptable only if the existing survey were "certified."

In a letter dated August 21, 1973, defendant Frazee indicated to plaintiffs that he anticipated no difficulty with plaintiff's requirements as to the survey.

A subsequent letter from defendant Frazee, dated September 12, 1973, advised plaintiffs that defendant attorneys had compared the description of the land in the deed with existing surveys as well as with the description in the Mapping Department in the Adams County Courthouse. Defendants also noted that the description was satisfactory by local

standards and that they, defendants, had no hesitancy in certifying the title. While it was pointed out that a title insurance company would insist on an exception to the description because it was not taken from an entirely up-to-date survey, defendants recommended that plaintiffs accept the deed as prepared.

Closing was held on September 21, 1973 at which time the land was conveyed by deed, the containing clause of which recited that the acreage was "45 acres, more or less." A certificate of title issued to plaintiffs by defendants on October 1, 1973 likewise recited that the acreage was 45 acres, more or less.

Plaintiffs moved to Pennsylvania in 1976 and began constructing a home on the subject property. It was sometime during this construction in the fall of 1976 or early 1977 that plaintiffs learned that, in fact, the real estate conveyed to them was 33.861 acres and not the 45 acres they had expected. Accordingly, plaintiffs fied suit against the co-executors of the estate of Gladys J. Berry as well as their settlement attorneys. This court sustained the demurrer of the sellers, but required defendant attorneys to answer the complaint. At this time, the court also ruled that the transaction was an en gros sale and not a per acre sale as plaintiffs have asserted.

This action proceeded to a non-jury trial on May 14-15, 1981 at which time the trial court entered an order in favor of defendant and against plaintiffs. In so ordering, the court concluded that defendants were not negligent or in breach of their contract of employment. From this order plaintiffs have made certain post-trial exceptions.

Plaintiffs, by these exceptions, question the trial court's findings as to defendant attorneys' liability for negligence and breach of contract as well as the court's rulings respecting proof of damages.

We find that the trial court's holdings with regard to the liability of defendant attorneys to be correct. In Pennsylvania, an attorney is not held as a guarantor of the product of his work. Rather, the standard of care in cases of legal malpractice is measured by the skill generally possessed and employed by the profession. Lentino v. Fringe Employee Plan, Inc., 611 F.2d 474 (3rd Cir. 1979). See also, Incollingo v. Ewing, 444 Pa. 263, 282 A.2d 206 (1971).

Plaintiffs argue that legal malpractice actions originated ex contractic, and thus a claim of negligent representation against an attorney must sound in contract. See, Goodman and Mitchell v. Walker, 30 Ala. 482 (1857); Rhine v. Haley, 238 Ark. 72, 378 S. W.2d 655 (1964). As a result, plaintiffs contend that the trial court improperly imported a standard of care into an action in assumpsit for breach of contract. We must remind counsel for plaintiffs that this action has been commenced in assumpsit and in trespass, an action which sounds in tort. Moreover, while negligent representation may be commenced in contract, the question of whether the attorney has breached his contract of employment must consider the performance of the attorney's duties under the contract with respect to the standard of care imposed upon the profession. Thus, we believe that whether plaintiffs proceed in contract or in tort, the issue of breach of this duty must center on the appropriate standard of care to be imposed.

We believe that the standard of care, as found by the trial judge, was proper. Testimony revealed that closure errors are not unusual nor particularly significant. Moreover, there is a recognized degree of tolerance for such closure errors. The closure error in this case, testimony indicated, could have easily

been corrected to bring the property description to within the tolerable degree of error without a finding of breach of duty or negligence of defendant attorneys.

In this case, we have an attorney relying on a survey, albeit an old one. Nevertheless, it was certified. While it is obvious that the survey used in this instance, the Orner survey of 1944 and revised in 1954, contained an error in the calculation of total acreage, expert testimony indicated that the face of the survey provided no evidence that such an error existed. There was nothing which would have alerted the attorneys to the mistake. The Orner survey also contained a closure error, but one which was within the acceptable degree of error. Thus, the problem confronting us is one where the parties have justifiably relied on a survey containing a tolerable closure error and a non-obvious error in acreage calculation. Where defendants understood that plaintiffs would accept the use of the existing, Orner, survey, provided that it was certified, we will not hold the defendants liable for relying on the existing survey which was certified. In this case, the fact that the Orner survey was certified is not disputed. Moreover, plaintiffs had agreed to accept the terms of the amended sales agreement which called for the use of the existing Orner survey.

Admittedly, plaintiffs received less than the 45 acres they believed that the transaction had conveyed. However, the mere occurrence of an injury does not generally prove negligence. Hamil v. Bashline, 481 Pa. 256, 392 A.2d 1280 (1978). Rather, liability of defendants must be determined based upon any departure of the defendants from the standard of care to which we must hold them. We find nothing which would indicate that defendant attorneys acted otherwise but in conformity to the

standard of care exercised in the local community among attorneys in regard to this type of transaction.

We are likewise not satisfied that plaintiffs may rest a recovery on a guarantee or warranty theory. As noted, defendants performed the professional services in accordance with the standard of care required, therefore satisfying the ordinary requirement of proper performance of this professional service contract. We believe plaintiffs could only prevail on a guarantee theory if we were to find that the professional services contract imposed on defendant strict liability for acreage deficiency.

Under the total facts and circumstances present in this case we simply cannot conclude that the defendants undertook an insurance obligation or that for any reason defendants should be held to have insured acreage quantity. If on the facts of this case a warranty obligation is found, a new concept in attorney-client relationships will be introduced — one that will hold an attorney responsible when a certain result is not attained — at least in the field of real estate and perhaps in other areas.

While we recognize that all parties entered into this transaction in good faith and that plaintiffs are legitimately upset and disappointed, this equitable appeal must not be permitted to form the basis of an award in the absence of negligence or breach of contract, neither of which, we believe, were present in this case.

Having found no negligence or breach of a contractual duty on the part of defendant attorneys, the issue of damages is mooted.

For the foregoing reasons, plaintiffs exceptions should be and hereby are denied and dismissed.

## ORDER

And now, December 3, 1981, plaintiffs' exceptions to this court's order of May 15, 1981, are, for the reasons set forth in the within opinion, dismissed. It is accordingly ordered and directed that final judgment in this matter be entered in favor of defendants and against plaintiffs.